JOHN HATHORN and LOREN HEATH, Plaintiffs in Error, *v.* SETH LEWIS, Defendant in Error.

### ERROR TO KANE.

A chattel mortgage which is good as to the parties executing it, will hold, as to third parties who purchase with knowledge; such purchasers not considered as *bona fide.* The purchasers acquire only the right of redemption.

THIS suit was commenced by defendant in error, by writ of replevin, and tried at the January term of the Kane county Circuit Court for 1858, I. G. WILSON, Judge, presiding, and a jury, and resulted in a verdict for the defendant in error. The property replevied was a quantity of goods in a store.

On the trial below, the plaintiff offered in evidence a chattel mortgage, in the words and figures following, to wit:

THIS INDENTURE, Made this twenty-third day of October, 1857, between George W. Alexander, party of the first part, of the town of Virgil, county of Kane, and State of Illinois, and Seth Lewis, of the town of Virgil, same county and State aforesaid, party of the second part,

Witnesseth, that the said party of the first part, for and in consideration of the sum of ten dollars in hand paid, received by the said party of the second part, do grant, bargain, and sell unto the said party of the second part, his heirs and assigns, the following goods and chattels, to wit: All the goods of every kind and quality, prints, clothing, drugs, groceries, medicines, ready-made clothing, dry goods, hardware, crockery, and all and singular every article and articles in said store, formerly owned by Seth Lewis, and situated on block two, and lot four, in Lodi, Kane county, Illinois. Also, all the goods and materials of every kind and description, belonging to said mortgagor in said store, during the continuance of this mortgage. Also, all accounts and notes, book accounts, and indebtedness or debt of any individual or individuals in favor of said mortgagor, sole and belonging to the party of the second part; also, all the goods which may be in said store at the time when this mortgage shall be due and payable. One span of horses, color bay, medium size, black mane and tail, about eight years old. Also, one

Hathorn et al. *v.* Lewis.

horse power, and planing machine, tenoning machine, circular saw, upright saw, and all machinery, belonging to said planing mill, and machine shop, situate in said shops, or attached thereto, being in Lodi, on the north side of railroad track, between the residence of John Pickett, and the warehouse, owned by Solomon White, Kane county, State of Illinois. To have and to hold, all and singular the goods and chattels, hereinbefore granted, bargained, and sold unto the said party of the second part forever, said goods and chattels now remaining and continuing in the possession of the said party of the first part, in the said town of Virgil. Provided always, and these presents are upon these express conditions, that if the party of the first part, shall and do well and truly pay, or cause to be paid, to the said party of the second part, the sum of two thousand six hundred and thirty-seven dollars and forty-five cents, payable as follows : One note due and payable on the 9th of November, 1857, $315.38-100 dollars ; one of two hundred and forty-six dollars, payable 26th day of November, A. D. 1857 ; one of one hundred and eghty-four dollars 81-100, payable December fifth, A. D. 1857 ; one hundred and fifty-two dollars and sixty-four cents, payable January nineteenth, A. D. 1858 ; one hundred sixteen dollars 38-100, payable January eighth, A. D. 1858 ; five hundred and forty-two dollars 50-100, payable March 8th, A. D. 1858 ; five hundred forty-nine dollars 29-100, payable March 17th, 1858 ; four hundred and four dollars 24-100, payable 21st day of March, A. D. 1858 ; one hundred fourteen dollars 88-100, payable fifth day of April, A. D. 1858 ; then these presents and every matter herein contained, shall cease and be null and void. But in case default shall be made in the payment of said sum of money above mentioned, at the time above limited for the payment of the same, or any part thereof, it shall and may be lawful for the said party of the second part, to take possession of the said goods and chattels, wherever the same shall be, and to sell and dispose of the same for the best price which can be obtained therefor, at public vendue, or otherwise (giving six days' notice to the said party of the first part, of the time and place of such sale,) and out of the money to arise by such sale thereof, to retain the said sum of money above mentioned, and all charges for keeping said property, and of such sale (if so much there shall be), rendering the surplus money (if any there shall be) to the said party of the first part. And it is hereby agreed by and between the said parties, that in case the said party of the first part, shall sell, assign, or dispose of, or attempt to sell, assign, or dispose of any of said goods and chattels, or remove, or attempt to remove, from said county, any of said goods and chattels, or if the same shall be levied upon, or seized by virtue of any execution, writ, or attachment, or other process, against the said party of the first part, it shall and may be lawful for the said party of the second part, to take possession of the said goods and chattels, and sell the same, in the payment of the said sum of money, above mentioned, in the manner aforesaid.

In witness whereof, the said party of the first part, has hereunto set his hand and seal, the day and year first above written.

                                    G. W. ALEXANDER. [SEAL]

STATE OF ILLINOIS, }
     KANE COUNTY.    }      This mortgage was acknowledged before me, by George
                            W. Alexander, this 22nd day of October, A. D. 1857.
                                    E. P. ROBERTSON, *J. P.*

Filed for record, October 24th, A. D. 1857, at 4 o'clock, P. M.

To the offering of which chattel mortgage, in evidence, the defendants objected. Objection overruled.

The plaintiff offered as a witness, *E. P. Robertson*, who testified that he was a justice of the peace, in Virgil, in October last. This mortgage was acknowledged before me. I have no means of knowing whether it was executed before the acknowledgment. Alexander signed it before me. It was filled up at the time I first saw it.

*Jacob M. Armstrong.* I know the parties to this suit. I have lived in Lodi two years. I know the store and goods mentioned in mortgage. Am clerk for Lewis. Lewis sold the goods mentioned in mortgage to George W. Alexander about the 22nd of October last. I was present at the time of the replevy. Same goods replevied as covered by mortgage. I heard of the sale by Alexander to the defendants. I was present when demand was made by Lewis of the defendants for the goods. It was about the 6th or 7th of December, on Wednesday, some three days after the sale to defendants. James Lewis and myself were with Seth Lewis. Mr. Seth Lewis came in and asked John Hathorn if he had bought the goods of Alexander. He said he had. He then asked if he knew that he had a mortgage. He replied that his brother had been to Geneva, and his lawyer, Mr. Mayborne, said the mortgage was not good. Lewis demanded possession. Hathorn said, you will have to get it by law, and the extent of the law. It was a very short time before that he had heard of it. That Alexander and defendant Hathorn were going in partners—that Hathorn heard of the mortgage and took in Heath.

I *had been* clerk for Lewis. I owned the store when the sale was made to Alexander. The sale was on the 22nd day of October, 1857. Alexander went into immediate possession. Defendant Heath was his clerk. Alexander commenced selling goods at once, and kept right on selling like any other store, until sale to defendants. Plaintiff Lewis was in and about all the time.

Stipulation between the parties :

"It is stipulated and agreed, that the notes mentioned in the chattel mortgage from G. W. Alexander to said Lewis, dated October 23, 1857, were notes given by said Lewis and said Alexander, for goods, purchased by said Lewis before he sold out to said Alexander, and were the same as mortgaged and in the store at Lodi, at time of the making said mortgage, and that said Lewis was held as security on the same, and that Alexander has not paid said notes, and are the same notes as the notes described in the mortgage, and are given to pay the indebtedness originally contracted for said goods, mentioned in the mortgage. This stipulation to be used in each of the cases above entitled. Geneva, February 8th, 1858."

The jury rendered a verdict for the plaintiff for $425.

Plaintiff remitted the $425 damages.   Court overruled motion of defendants for a new trial.

MAYBORNE & SMITH, for Plaintiffs in Error.

W. B. PLATO, A. HERRINGTON, and B. C. COOK, for Defendant in Error.

BREESE, J.   Alexander had purchased the goods taken on the writ of replevin, of Seth Lewis, plaintiff in the action, and executed to Lewis a chattel mortgage in due form, to secure the payment of the notes which he had given to Lewis for the goods. The mortgage stipulates, that they should remain in Alexander's possession, in the same store in which they were when Lewis sold them to him, and it then provides that "in case the said party of the first part (Alexander), shall sell, assign or dispose of, or attempt to sell, assign or dispose of any of said goods and chattels, or remove or attempt to remove from said county, any of said goods and chattels, or if the same shall be levied upon or seized by virtue of any execution, writ or attachment, or other process against the said party of the first part, it shall and may be lawful for the said party of the second part (Lewis), to take possession of the said goods and chattels, and sell the same in the payment of the said sum of money above mentioned in the manner aforesaid," that is, at public vendue or otherwise, after six days' notice to Alexander.

The plaintiff in error, bought the goods of Alexander, with full notice of this mortgage, and below their value.

The mortgage was executed in good faith, and seems liable to none of the objections made to it, by the counsel for the plaintiff in error.   But if it were so liable, if the mortgage was not properly acknowledged and a proper entry made on the justice's docket,—if it does not provide that the possession of the property shall remain with the mortgagor, and if such possession did remain with him contrary to the provisions of the mortgage, still, the mortgage is good as between the parties to it, and as to all persons, except creditors and *bona fide* purchasers.

The facts show, that when they purchased the goods of Alexander, he expressly told them they were subject to this mortgage, and they took the title subordinate to the mortgage. They acquired then, the right of redemption only, as that was all the claim Alexander then had, the mortgage being valid as between him and Lewis, and Hathorn and Lewis by the purchase stood in Alexander's shoes, and were not *bona fide* purchasers, in the sense we understand that relation.   They purchased

simply, the right of Alexander, which was the right of redemption, and nothing more.

But we see nothing defective in the mortgage, either in form or substance, and Lewis had the right to assert his claim under it. The facts show that only the old goods which Lewis had sold to Alexander, were replevied. We do not see any error in admitting evidence, or in giving or refusing the instructions complained of, and the evidence fully sustains the finding of the jury. The judgment must be affirmed.

*Judgment affirmed.*