JAMES LEMEN *et al.*

*v.*

JOSEPH G. ROBINSON, use, etc.

1. CHATTEL MORTGAGES—*of possession by mortgagor after maturity of the debt.* Where a chattel mortgage provided that the mortgagor should retain possession of the property until default in payment of the debt it

was given to secure, and more than two months after the debt matured, the property still continuing in his possession, he sold and delivered to a third person, and no reason appeared why possession was not taken by the mortgagee at the proper time, it was *held*, the purchaser took the property free from any lien of the mortgage, even though he had actual notice that it was still unsatisfied.

2. FORMER DECISIONS. The authority of the case of *Hathorn et al.* v. *Lewis*, 22 Ill. 395, in so far as it is held that a chattel mortgage, although wanting in some of the essentials required by the statute, is nevertheless valid and binding as to subsequent purchasers with knowledge, is much shaken, if not entirely overruled, by subsequent decisions of this court, particularly that of *Frank* v. *Miner*, 50 Ill. 447.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

M. P. Blackburn, on the 4th day of January, 1867, excuted to Max. Weisinberger a chattel mortgage on certain property to secure the payment of a promissory note due on the 4th of July of the same year. The mortgage contained a provision that the property should remain in the possession of the mortgagor until default in the payment of the note, and was duly recorded. On the 10th of September, 1867, the debt not having been paid, the mortgagor, still having possession of the property, sold it to James Lemen. It being contended that Lemen had knowledge that the mortgage was still subsisting when he purchased, the question arises, whether the property in his hands was still subject to the mortgage.

Mr. CYRUS L. COOK, for the appellants.

Mr. DAVID GILLESPIE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt on a replevin bond executed by appellants to the sheriff of Madison county, for the use of Max. Weisinberger.

The action of replevin was brought by Lemen, and for some cause dismissed, and a writ of *retorno habendo* awarded.

The defense to the action on the bond was made under the act of March 1, 1847, which provides that, "in all actions upon replevin bonds, where the merits of the case have not been determined in the trial of the action of replevin in which the bond was given, the defendant may plead the above facts, and also his or her title to the property in dispute in the said action of replevin." Scates' Comp. 226.

The replevisor, Lemen, pleaded that he was the owner of the property in controversy at the time of the dismissal of the action of replevin, and that he was then lawfully entitled to its possession.

On this, an issue was made up, and on a trial by jury there was a verdict for plaintiff, and judgment accordingly. To reverse this judgment the defendants appeal.

It appears that M. P. Blackburn had, on the 4th day of January, 1867, conveyed the property in question, by chattel mortgage, to Weisinberger, to secure the payment of a note of that date, which matured on the 4th day of July thereafter. The mortgage contained the usual provision, that the mortgagor should remain in possession of the property until default in payment of the note it was given to secure. The property being in the actual possession of the mortgagor, Blackburn, on the 10th of September thereafter the same was purchased by appellant Lemen of Blackburn; whereupon Weisinberger took possession of the property, and Lemen replevied it.

There is evidence tending to show that Lemen had knowledge of the existence of this mortgage when he purchased, and the main question on the record is, with such knowledge, was Lemen precluded from purchasing the property of the mortgagor, it being in his possession at the time of the purchase? In other words, had the mortgagor any rights, two months and more after the maturity of the note it was given to secure, the property remaining in the possession of the mortgagor all the time?

This court has uniformly held, that a conveyance of personal property, the possession thereof remaining with the vendor, is

a fraud *per se,* and incapable of explanation, unless such possession is provided for in the deed.   *Thornton* v. *Davenport,* 1 Scam. 297 ; *Rhines* v. *Phelps,* 3 Gilm. 464 ; *Hanford* v. *Obrecht,* 49 Ill. 146.

And it has also been held, when the deed contains the provision that the property shall remain with the mortgagor until default in payment of the sum it may have been given to secure, and it is not taken into the possession of the mortgagee on the happening of the event, but remains with the mortgagor, the same is fraudulent as against creditors and subsequent purchasers.   *Reed* v. *Eames,* 19 Ill. 595, and other cases cited in appellant's brief, decided by this court.

The property in question remained in the possession of the mortgagor more than two months after the note had matured, and no reason given why possession was not taken by the mortgagee at the proper time.   In harmony with all previous decisions, we must hold the mortgage void, as against subsequent purchasers and creditors.

But it is urged that appellant Lemen knew of the existence of this mortgage, and purchased the property subject to the mortgage.   This court did hold, in *Hathorn et al.* v. *Lewis,* 22 Ill. 395, that a chattel mortgage, though wanting some of the essentials required by the statute, was, nevertheless, valid and binding between the parties, and a party having actual notice of the mortgage and purchasing the same, was not a *bona fide* purchaser, and acquired no rights as against such mortgage.

This case is mainly relied on by appellee, but its authority ·is much shaken, if not entirely overruled, by subsequent decisions of this court, the strongest of which is the most recent case of *Frank* v. *Miner,* 50 ib. 444.   Without reference to the case of *Hathorn* v. *Lewis, supra,* the court held that no other notice of a chattel mortgage was binding on any one, except notice by the record.   Lemen, then, if he had notice of the mortgage, the same not having been recorded, could not be affected thereby.

The first instruction given for appellee was, consequently, erroneous.   The mortgage was fraudulent and void, and good for no purpose.

The evidence that Lemen agreed to pay the debt for which the property was mortgaged, is too slight to find a verdict upon.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*