ELLIOTT, PLAINTIFF IN ERROR, v. FIRST NATIONAL BANK, OF COLORADO SPRINGS, DEFENDANT IN ERROR.

1. CHATTEL MORTGAGE—DILIGENCE—FRAUD.

The mortgagee of chattels must take possession of the property upon default in payment of the debt. Suffering it to remain in the possession of the mortgagor after maturity is, as against creditors, fraudulent *per se*, and not subject to explanation.

2. PRACTICE.

A failure to serve the defendant in attachment with a copy of the writ can be taken advantage of only by the defendant not served. It cannot be raised collaterally by a third party.

*Error to the District Court of Arapahoe County.*

ONE F. M. Agnew was the owner of a sawmill and appliances, and engaged in the manufacture of lumber in El Paso county. In the spring of 1882 he was indebted to plaintiff in error in a sum exceeding in the aggregate $2,500. One thousand two hundred and twelve dollars was evidenced by two promissory notes bearing date September 10, 1880, the last of which became due August 10, 1881, which were secured by chattel mortgage upon the property in controversy.

And of the balance, $600 was represented by a promissory note bearing date August 10, 1881, due four months after date, also secured by a chattel mortgage upon the same property. In addition, there was at the time mentioned (spring of 1882) a book account of $706. The latest of the notes secured by chattel mortgage matured in December, 1881. On the 22d of March, 1882, the indebtedness remained unpaid. No steps had been taken for its collection, nor had the property covered by the chattel mortgages been taken into the possession of the plaintiff. Agnew being indebted to the defendant in the sum of $534.30 by note bearing date August 22, 1881, payable sixty days after date, the bank commenced suit by attachment, which was levied upon the property in controversy on the 22d of March, 1881, and a deputy put in charge as custodian by the sheriff. On the 28th day of March, while the property was still in the custody of the sheriff, Agnew attempted to make an assignment to the plaintiff in error and one James T. Hobbs, and executed and delivered the following paper: "Sold to R. C. Elliott and James T. Hobbs, in consideration of moneys by me owing to them, all lumber in the yard at the Agnew sawmill on the Talbot ranch, all lumber at station and on cars, all lath, all property in and about said mill and premises, and all debts due me of every name and nature for any lath, lumber, or any other property by me sold; and I do hereby transfer to said Elliott and Hobbs the entire charge of the operations of said sawmill. Dated March 28, 1882, F. M. Agnew." Elliott and Hobbs executed and delivered to Agnew the following: "We agree to use the property of Frank M. Agnew, this day sold and transferred to us, in the payment of the debt of said Agnew to the best of our ability. March 28, 1882. R. C. Elliott, James T. Hobbs." No possession of the property was taken by Elliott and Hobbs, or either of them, but was retained by the sheriff. Prior to that date, the sheriff had allowed Agnew to operate the mill and continue the business. On that day he shut it down. Although the papers above set out were passed between the

parties, the attempted assignment was abortive, the trust not being accepted by the assignees, except conditionally, and was by them repudiated. Shortly after, on the 30th of March, Elliott commenced proceedings by attachment and garnishee process against Agnew in Arapahoe county; and. Agnew, being indebted to Hobbs on book account in the sum of $1,172, he, on the 29th of March, commenced suit by attachment against Agnew in El Paso county, and the attachment was levied upon the mill property in controversy. At the same time Agnew was indebted to one Stout in the sum of $500, who commenced suit by attachment in El Paso. county, the writ being levied upon the same property. Judgments were obtained in each of the above cases by default, and executions issued which were levied upon the property; and during the month of April the property was sold on the several executions,—the defendant, The First National Bank, buying a part and Hobbs and Stout each a part. The first assertion of title to the property or right of possession by the plaintiff under the chattel mortgages appears to have been on April 17th, at the sale of the property by the sheriff on execution in favor of the bank, when he served a written notice that he was the owner by virtue of his chattel mortgages and forbade the sale. Subsequently, in August, 1882, this action was instituted by plaintiff in error (plaintiff below): against the defendant bank to recover for the alleged taking and conversion of the property purchased and taken upon the sale under the execution in case of *First National Bank. v. Agnew,* alleging the plaintiff to have been the owner and entitled to the possession. Defendant justified under the proceedings in *Bank v. Agnew.* The case was referred, testimony taken before and finding by referee in favor of defendant, and judgment of the court upon the findings. for the defendant.

Mr. H. B. O'REILLY, for plaintiff in error.

Messrs. PATTISON & EDSALL and Mr. ELMER E. WHITTED, for defendant in error.

REED, J., after stating the facts, delivered the opinion of the court.

The examination of this case is attended with much more than usual difficulty. Counsel, regarding this and another case, by same plaintiff v. Hobbs, *infra*, as analogous and capable of being disposed of by the determination of the same questions, obtained leave to present but one abstract and one brief and argument in both cases, when, in fact, there is hardly anything in common between them, and their solution depends upon the application of widely different principles. This being the case, this compound of concentrated presentation embarrasses the court, it being almost impossible to determine to which case a given state of facts pertains, or to which case the law is attempted to be applied. During the entire time from December 10, 1881, to March 22, 1882, it is conceded the property was not reduced to possession, and no effort made to acquire the possession, and no assertion of title under the mortgage. From March 22d, when the attachment was levied, until the 28th, there was no assertion of rights under the mortgages. On the 28th Agnew attempted, by a written instrument, made by and with the advice of plaintiff, to assign his property to plaintiff and Hobbs, as assignees or trustees for the benefit of his creditors generally, and plaintiff, by an instrument in writing, accepted the trust, jointly with Hobbs, another creditor. If this was not a waiver of any rights under the mortgages by the plaintiff, it was the acceptance of a position absolutely incompatible with the assertion of ownership of the property as mortgagee. After the acceptance of the trust for the benefit of creditors generally, he should be estopped to say that the property, the proceeds of which he was to distribute as trustee, was his own prior to and at the time of accepting the trust. The two positions of owner by virtue of his mortgages and trustee of the same property were incompatible, and his subsequent proceeding by attachment and garnishment was incompatible with either. It is well

established by the evidence that he did not obtain possession of the property either as mortgagee or assignee. When the indebtedness secured by chattel mortgages matures at different times, the mortgagee need not take possession of the property until the maturity of the last note, (provided it does not come under the two-years statutory limitation.) *Barbour v. White*, 37 Ill. 169. The last note secured by chattel mortgage matured December 10th. On March 22d following no possession had been taken, and the attachment was levied. " The time during which the property may remain in the custody and possession of the mortgagor is fixed and determined—*First*, by the mortgage itself, as, when it provided that the property shall remain in the possession of the mortgagor until default in payment, or the maturity of the debt : " *Atchison v. Graham*, 14 Colo. 217. The statute concerning chattel mortgages was literally the same as that of the state of Illinois, and has been construed for years in that state. In *Reed v. Eames*, 19 Ill. 594, it is said : " Under a chattel mortgage the mortgagee must take possession of the property upon the default of the payment of the debt. Suffering it to remain with a mortgagor after a default in payment is a fraud *per se*, not subject to explanations." See *Thompson v. Yeck*, 21 Ill. 73 ; *Funk v. Staats*, 24 Ill. 632 ; *Reese v. Mitchell*, 41 Ill. 365 ; *Lemen v. Robinson*, 59 Ill. 115 ; *Dunlap v. Epler*, 88 Ill. 82. Failing to take possession of the property the mortgage was void and inoperative against a creditor who proceeded by attachment and levy. This disposes of the case ; but, as other supposed errors are urged, we will briefly examine them. It is contended that the levy by attachment was void by reason of the sheriff having failed to serve Agnew with a copy of the writ. This cannot prevail. *First.* It was a matter only available, if at all, to Agnew, and was by him waived by an appearance in the case, and an attempt to quash upon other grounds. *Second.* It not having been raised as a question between the parties to the suit, and not affecting the jurisdiction of the court, it cannot be raised collaterally by a third

party. No principle of law is better established or more widely recognized than that in proceedings of this kind a party must succeed, if at all, by showing a paramount title. If he shows none at all, he cannot build one upon the technical defects of that of the other party. It follows that the judgment must be affirmed.

*Affirmed.*