### George Kahreman et al., Defendants in Error, v. Charles Dunbar et al., Plaintiffs in Error.

### Gen. No. 14,770.

CHATTEL MORTGAGES—*effect of knowledge of unrecorded.* An unrecorded chattel mortgage is void as to third persons notwithstanding actual notice.

Tort. Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 6, 1909.

**Statement by the Court.** In an action in the Municipal Court to recover the value of a wagon peanut ·roaster of the plaintiffs, alleged to have been wrongfully taken by defendants from the possession of the plaintiffs and converted, etc., plaintiffs had judgment

for $200, to reverse which the defendants prosecute this writ of error. April 20, 1907, defendants agreed with one Piskos to sell him said roaster at the price of $280. Plaintiff made a deposit of $25, and it was agreed that the title should remain in the defendants until Piskos should pay a further sum of $50 and give his promissory notes for the remainder for $20 each, one payable on the 20th day of each month thereafter, and a chattel mortgage on said roaster duly executed and acknowledged, to secure such notes. The next day Piskos executed and delivered to the defendants the notes and mortgage, paid $50, and defendants delivered to him the roaster. The mortgage was not acknowledged. May 27 Piskos paid to defendants the note due May 20. The defendants made from time to time various unsuccessful efforts to have Piskos acknowledge the mortgage.

FRANCIS BORRELLI, for plaintiffs in error.

GEORGE I. HAIGHT, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

In Van Duzor v. Allen, 90 Ill. 499, there was an agreement to sell a threshing machine, the buyer to give the seller notes for the price, either with personal security or secured by chattel mortgage, and with the consent of the seller the buyer obtained possession of the machine without giving such notes or security of any kind, and it was held: that as between the parties the trade was not so far executed as to pass the title to the machine to the buyer. In this case the buyer, April 21, the day after the agreement to sell was made, paid the sellers $50 and executed and delivered to them his promissory note for the remainder of the purchase money and a chattel mortgage on the property to secure the same, valid as between the parties. The sellers accepted the money,

notes and mortgage, and May 27 the buyer paid the sellers the note due May 20. We think that the agreement to sell was so far executed as to pass the title to the property to the buyer, and that the only right in the property that remained in the sellers was such right as they had under the unacknowledged and unrecorded chattel mortgage.

The plaintiffs bought the property of the mortgagor with actual knowledge of the existence of the mortgage and with knowledge that the mortgage had not been acknowledged. The law is well settled in this state that an unacknowledged chattel mortgage is void as to third persons, notwithstanding actual notice. Long v. Cockern, 128 Ill. 36, and cases there cited.

Referring to the case of Hathorn v. Lewis, 22 Ill. 395, cited and relied on by counsel for plaintiff in error in this case, Mr. Justice Lawrence said in Sage v. Browning, 51 Ill. 217, 219, that case "was decided on the ground that the purchaser in that case in buying from the mortgagor was understood to be buying only his equity of redemption and did not pay the full value of the property, but allowed for the mortgage. The court evidently considered him under an implied promise to pay the mortgage. This case cannot therefore be regarded as in substantial conflict with the late decisions." In this case there is no evidence tending to show that it was understood that plaintiffs were buying from Piskos only the equity of redemption, or that in the purchase any allowance was made for the mortgage.

The record is, in our opinion, free from error, and the judgment is affirmed.

*Affirmed.*