T. R. DRAPER, TRUSTEE *v.* W. W. PERKINS ET AL.

1. DEED OF TRUST.   *Description of chattels.   Rule of construction.*
   The descriptive words in a deed of trust should be so construed as to sustain the instrument, when it can be done without violence to the language employed.

2. SAME.   *Ambiguity.   Admissibility in evidence.*
   A deed of three bales of middling cotton, averaging five hundred pounds each, which the grantor may raise or have cultivated " during the present year on the Burleson or Barker plantation in Tunica County, Mississippi, or elsewhere in said State," is admissible in evidence. *Kelly* v. *Reid, ante,* 89, cited.

ERROR to the Circuit Court of Panola County.

Hon. SAM. POWEL, Judge.

*Fitz Gerald & Marshall*, for the plaintiff in error.

The description is sufficient to allow proof *aliunde* that the three bales of cotton sued for, and no more, were raised by the grantor during the year 1877 on the Burleson or Barker plantation in Tunica County. It makes a *prima facie* case, and was admissible in evidence. *Kelly* v. *Reid, ante,* 89. At most, the ambiguity was latent and explainable.

*Standifer & Stone,* for the defendants in error.

The deed of trust presents a patent ambiguity, and was properly excluded from the evidence. *Baldwin* v. *McKay,* 41 Miss. 358; *McGuire* v. *Stevens,* 42 Miss. 724; *Brown* v. *Guice,* 46 Miss. 299; *Bowers* v. *Andrews,* 52 Miss. 596; *Yandell* v. *Pugh,* 53 Miss. 295; *Kelly* v. *Reid, ante,* 89; Starkie Evid. 655; 1 Greenl. Evid. §§ 294, 301. The three bales of cotton were neither separated nor identified. 2 Kent Com. 496; Benjamin on Sales, §§ 310, 319, 346, 352, 353. But the description is three bales of a large crop to be raised somewhere in the State.

GEORGE, C. J., delivered the opinion of the court.

The case originated before a justice of the peace, and appears to be a proceeding by a trustee in a deed of trust to recover the value of three bales of cotton which it is alleged the defendants in error converted to their own use. The case comes here on a special bill of exceptions taken by the plaintiff in error to the ruling of the circuit judge excluding from the jury the deed of trust. The deed was excluded upon the ground that the description of the property attempted to be conveyed in it was void for uncertainty. This description is as follows: The grantor conveys "three bales of middling cotton, averaging five hundred pounds each, which he may raise or have cultivated by any hands under his control during the present year on the Burleson or Barker Plantation, in Tunica County, Mississippi, or elsewhere in said State."

The objection is, that this means three bales of a larger amount of cotton to be raised; and under that interpreta-

tion the description would be void. *Kelly* v. *Reid, ante*, 89. But we are to construe the language of the instrument, if we can do so without violence to it, so as to sustain the contract rather than avoid it. It is not to be presumed in a case of doubt, that the parties deliberately made an instrument which was of no legal value whatever; on the other hand, the presumption must be indulged, unless the contrary appears from the language employed, that the parties meant to make a legal and binding contract. This presumption authorizes us to construe the meaning of the clause above quoted, to be a mortgage of three bales of cotton, which three bales the mortgagor would raise, and no more. With this construction, the deed of trust should have been admitted in evidence. What would be the result in case it should appear that the grantor raised more than three bales, and that no particular three bales had been set apart to and accepted by the trustee or beneficiary before the alleged conversion, we are not called upon to decide, as no question is raised by this record, except as to the admissibility of the deed of trust in evidence.

*Judgment reversed and cause remanded.*