## HORN v. REITLER.

1. REPLEVIN — BURDEN OF PROOF — CHATTEL MORTGAGE — BILL OF SALE.— In an action to recover cattle, defendant pleaded a bill of sale from plaintiff to him of the cattle, containing a condition of defeasance that plaintiff should pay all costs in certain pending suits for which defendant had become plaintiff's security. Plaintiff's replication denied the giving of the bill of sale, but contained no averment of the payment of the costs referred to therein, nor of anything in avoidance. *Held* that, on the bill of sale and its consideration being proved, the burden of proof was on plaintiff to show his right to repossess the cattle.

2. MORTGAGEE — WHEN ENTITLED TO POSSESSION.— Though the bill of sale was not executed and recorded as required by statute, it was a valid chattel mortgage as between the parties, giving defendant

a right to take possession of the cattle; and on his being compelled to pay the costs for which he was security the legal title to the cattle vested in him, and plaintiff could not thereafter maintain replevin for them.

3. BILL OF SALE — DESCRIPTION OF PROPERTY.— As between the parties to the bill of sale, where no rights of third parties are involved, an objection that it is void for uncertainty in the description of the cattle cannot be sustained where the cattle taken by defendant belonged to plaintiff, and were branded as specified in the bill of sale.

*Appeal from District Court of Jefferson County.*

IN August, 1884, Robert Standering, appellee's intestate, and plaintiff below commenced this action against Peter C. Horn, the defendant, for the recovery of twenty-five head of cattle, alleging in his complaint that he was the owner and entitled to the possession thereof; that defendant had, without his consent, wrongfully taken said property, and had refused to return the same when requested; wherefore plaintiff prayed judgment for the recovery of the possession of said cattle, or for the sum of $1,000, the value thereof, in case the delivery could not be had, and for damages and costs of suit. The defendant Horn, by his answer, after certain specific denials of the allegations of the complaint, alleged, among other things, that plaintiff had bargained and sold to defendant said cattle for a valuable consideration, which sale was dependent upon a certain condition of defeasance to the effect that plaintiff should pay all the costs in certain suits wherein Standering was plaintiff against one John Carrothers, then depending before C. M. Taylor, Esq., justice of the peace, in which suits defendant Horn had become security for costs at the instance and request of plaintiff; that upon the determination of said suits plaintiff did not pay said costs, but neglected and refused so to do, though often requested by defendant; that defendant then and there became liable to pay and did pay said costs, amounting to the sum of $53.35, whereby said bargain and sale of said cattle became and

was absolute; and that thereafter, and on or about June 12, 1884, defendant did gather and take into his possession said cattle; that to give plaintiff full notice, and to close out all equities, if any, plaintiff might have in said cattle, defendant advertised said cattle for sale, giving due notice of the time and place of said sale, and did sell the same at public vendue for the highest and best price that was offered therefor; that at said sale one Sarah J. Collier became the purchaser, and that after said sale and up to and at the time of the commencement of this action defendant had possession of said cattle, pasturing the same for said Collier, at her request; that by the sale of said cattle there was realized only enough to repay defendant the costs by him paid in said suits, and the additional costs and charges of gathering said cattle and ranching the same pending the sale; that before said public sale plaintiff well knew defendant had taken possession of said cattle under said bill of sale, and of the payment of the costs aforesaid by defendant, and had full knowledge of the intended sale at public vendue, and of the time and place thereof; that plaintiff, prior to said sale, well knew that defendant had paid said costs, and the amount thereof, but did not repay nor offer to repay the same to defendant. The plaintiff, by his replication, denied that he ever sold or delivered the cattle, or any of them, to defendant; or that he ever gave defendant a bill of sale therefor, either with or without a condition of defeasance; or that defendant had any authority or right whatever to take or sell said cattle, or any of them; or that said Collier was at any time the owner, or that she had any right or interest in said cattle or any of them. On the trial it was admitted by defendant that Standering was the owner of the cattle at the time of the sale thereof to defendant as alleged in the answer, and that defendant had refused to deliver them to plaintiff on his demand, as alleged in the complaint. The execution and delivery of a certain bill of sale of the cat-

tle by plaintiff to defendant, and the consideration therefor, substantially as alleged in the answer, were proved without contradiction; said bill of sale being in the words and figures following:

"BAILEY, COLO., April 11, 1884.

"I hereby assign, transfer and sell to P. C. Horn, twenty-five (25) head of cattle branded (S) to secure him for his bond, given for me in my suit against J. Carrothers in justice's court before C. M. Taylor. If said costs are paid by me this bill of sale shall be void.

"ROBERT STANDERING.
"W. W. HOOPER."

Considerable evidence was introduced tending to show the payment of costs by Horn on account of the bond given by him for Standering; but there was no evidence tending to show that Standering had ever repaid or offered to repay the same, or that he had ever in any manner procured the release of Horn from the bond which he had given for his (Standering's) benefit. Horn had requested Standering to look after the matter of these costs, but it was neglected, and Horn was annoyed, threatened, and sued in consequence thereof. Horn took the cattle with the knowledge of Standering, and publicly advertised and sold them, as alleged in his answer. The evidence tended to show the posting of several notices in the immediate vicinity of the sale — one at the schoolhouse, another at the postoffice; and that, after the posting of the notices and before the sale, Standering was conversed with by one of his neighbors about the matter. Defendant offered to show that the notice was as follows, or similar to it: "Notice — Mortgagee's Sale. The undersigned will on Monday, June 30, 1884, at 10 o'clock A. M., at my place in Deer Creek in Park county, Colorado, offer for sale twenty-five (25) head of cattle branded (S), which I hold under bill of sale from Robert Standering to secure me in his bond, given in suit against J. Carrothers, in justice court, default having been made in the

payment thereof, I having been compelled to pay the same. P. C. Horn." The evidence further shows that Horn sold the cattle at about 10 o'clock, June 30th, and that one Collier bought them. (The abbreviation before the name "Collier" looks more like "Mr." than "Mrs.," but might be intended for the latter.) The court directed the jury to return a verdict for the plaintiff on the ground that defendant disclaimed ownership, and that the evidence did not show ownership of the cattle in Sarah J. Collier.

Mr. M. J. BARTLY, for appellant.

Messrs. A. H. DE FRANCE and ROBERT E. FOOTE, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Under the pleadings and admissions on the trial the material issues to be tried were: Did Standering make a sale of the cattle to Horn, with a condition of defeasance for a valuable consideration, as alleged in his answer; and did Horn acquire rights thereunder which had not been divested at the time of the commencement of the action? The proof and introduction of the bill of sale dated April 11, 1884, given by Standering to Horn as security for his giving the bond for costs, substantially sustained the first issue in favor of the defendant. The plaintiff had pleaded nothing in avoidance of this bill of sale. The replication denied the giving of the bill; but it contained no averment of the payment of the costs referred to therein, nor of any other matter in discharge or avoidance thereof; nor did it contain any traverse or avoidance of any other material matter contained in the answer; so that, even if plaintiff might show such matters in evidence without pleading them, the bill of sale and the consideration therefor being proved, the burden

was upon the plaintiff to show his right to repossess the cattle.

The bill of sale was in effect a chattel mortgage. Though not executed and recorded as required by statute, it was nevertheless a valid mortgage as between the parties; and as soon as Horn received it he had a right to take immediate possession of the cattle, and hold them as security against his liability on his bond. Jones, Chat. Mortg. § 1 *et seq.; Landon v. Emmons*, 97 Mass. 37.

Standering having neglected for an unreasonable time to pay the costs, so that Horn had to pay them to escape being pursued on his bond, the legal title to the cattle became vested in Horn, and he had a right to sell them, or to keep them to reimburse himself for all his necessary expenditures on account of the bond; and thereafter a suit in replevin by Standering for the recovery of the cattle could not be maintained. A mortgagor, after condition broken, while the chattels remain in the hands of the mortgagee, may, under proper circumstances, maintain a bill in equity to redeem or a bill for an accounting after they are disposed of, and perhaps an action for damages when the conduct of the mortgagee has been negligent or oppressive; but these actions proceed upon principles quite different from an action of replevin. Jones, Chat. Mortg. § 699.

It is contended that the bill of sale is void for uncertainty. Such an objection might be a very serious one if this were a suit by or against a stranger to the instrument. But there seems to have been no question at the trial about the identity of the cattle. They belonged to Standering, and were branded as specified in the bill of sale; and no rights of third parties were involved. Under such circumstances there can be no doubt that by taking possession of the cattle any defect in the description was cured, and that the instrument should be upheld. Id. § 178. It is not to be unnecessarily presumed, in the absence of proof or of conflicting rights, that the parties

deliberately made an instrument which was to be of no legal effect whatever, even between themselves; on the contrary, the presumption is that the parties meant to make a valid, binding contract.  *Draper v. Perkins,* 57 Miss. 277; *Richardson v. Lumber Co.* 40 Mich. 203.

In any view of the case under the pleadings and proofs, the court should not have directed a verdict in favor of the plaintiff below.  The judgment of the district court is reversed and the cause remanded.

*Reversed.*