HORN v. REITLER.

1. AMENDING PLEADINGS AFTER REVERSAL OF JUDGMENT.— After a judgment has been reversed by the supreme court upon appeal, and the cause remanded for a new trial, the trial court may permit the pleadings to be amended whenever the ends of justice will be subserved thereby.

2. AMENDMENTS WITHIN DISCRETION OF TRIAL COURT.— An application to amend under such circumstances is addressed to the sound discretion of the trial court, and its decision thereon will not ordinarily be disturbed.

3. ERROR CURED BY SUBSEQUENT EVIDENCE.— Error in overruling a motion for a nonsuit, when such motion is based upon the failure of evidence to establish plaintiff's cause of action, will not avail the defendant upon appeal, provided the omitted evidence be supplied at a subsequent stage of the trial.

*Appeal from District Court of Jefferson County.*

SUIT by appellee, Reitler, as administrator of the estate of Robert Standering, deceased, to recover certain cattle claimed by appellee, Horn, under the following written instrument: "Bailey, Colo., April 11, 1884. I hereby assign, transfer and sell to P. C. Horn twenty-five (25) head of cattle branded 'S' to secure him for his bond given for me in my suit against J. Carrothers in justice's court, before C. M. TAYLOR. If said costs are paid by me this bill of sale shall be void. ROBERT STANDERING. W. W. HOOPER."

In the district court plaintiff had judgment. The remaining facts sufficiently appear in the following opinion of the court, or will be found in connection with the former opinion therein referred to.

Messrs. S. T. HORN and H. C. CASSIDY, for appellant.

Mr. ROBT. E. FOOT, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

Upon the previous appeal in this case, the facts, as they then appeared upon the record, were fully set out in the

statement preceding the opinion and will not be here re-
peated. See *Horn v. Reitler*, 12 Colo. 310.

Upon the evidence introduced at the first trial, the dis-
trict court directed a verdict for the plaintiff. On review
in this court this action of the trial court was held to be
erroneous, and the judgment for this reason reversed. It
was then said that, under the pleadings and admissions at
the former trial, the material issues to be determined were:
" Did Standering make a sale of the cattle to Horn with a
condition of defeasance for a valuable consideration? * * *
And did Horn acquire rights thereunder which had not
been divested at the time of the commencement of the ac-
tion?"

The case having been remanded, a new trial was had in
the district court at the November, A. D. 1889, term thereof,
resulting again in favor of appellee, Reitler, as adminis-
trator of Standering. To reverse this judgment the cause
is again brought to this court by appeal.

The first error assigned by appellant relates to the order
of the court allowing plaintiff to file an amended replica-
tion. In this amended pleading plaintiff admits the giving
of the bill of sale with the condition of defeasance as set
forth in defendant's answer, and alleges, by way of discharge
and avoidance thereof, that the bond mentioned in said in-
strument was the usual cost bond provided by statute, and
that all costs in the suit mentioned which Standering was
by law required to pay had been paid by him; that he
(Standering) was the plaintiff in the suit in which the bond
was given, and recovered judgment therein; and that no
costs were found or adjudged against him; and that Horn,
with full knowledge of all these facts, fraudulently and se-
cretly confessed judgment for certain alleged costs in other
cases, not covered by the bond. Facts are also alleged con-
necting the purchaser of the cattle with such fraudulent
acts. The amended pleading appears to have been neces-
sary to enable the plaintiff to fully and thoroughly present
upon the trial his defense to the new matter set up in the

answer, and was properly allowed. See *Horn v. Reitler*, *supra*.

It is not claimed that defendant was surprised at the nature of the matters pleaded therein, and, if he had shown such surprise, this would more properly have furnished a ground for a continuance than a valid objection to the allowance of the amendments. It is the policy of the code to allow amendments to pleadings whenever the ends of justice will be subserved thereby, and it has been repeatedly held by this court that such amendments may be permitted in the discretion of the court after one trial has been concluded and a new trial ordered. Such applications are addressed to the sound discretion of the trial court, and its decision thereon will not ordinarily be disturbed.

At the last trial, plaintiff rested his case, in the first instance, upon evidence of his ownership of the cattle on April 11, A. D. 1884, and defendant's refusal to surrender the same upon demand. At this point a motion for a nonsuit was interposed by the defendant, based upon the insufficiency of the evidence to warrant a verdict for plaintiff. This motion being overruled by the court, an exception to such ruling was duly reserved, and error assigned thereon. The reasons given by the court for overruling the motion for a nonsuit were, in substance, as follows: The plaintiff having offered proof to show that he was the owner of the cattle on the 11th day of April, 1884, and it standing admitted by the replication that a conditional sale to the defendant was made of the property upon that day, it was incumbent upon defendant to show that the sale had become absolute.

If the defendant desired to have this ruling of the court reviewed upon appeal, he should have stood upon his motion, and refused to introduce further testimony. This he did not do. Both parties thereafter proceeded with the trial in the order designated by the court, and the issue as to whether or not the bill of sale at any time became absolute was fully tried and determined against appellant. The

defendant thus waived the right to have the ruling of the court upon his motion for a nonsuit, based upon the absence of testimony (which was afterwards supplied), reviewed. Error in overruling a motion for a nonsuit, when such motion is based upon the failure of evidence to establish plaintiff's cause of action, will not avail the defendant upon appeal, provided the omitted evidence be supplied at a subsequent stage of the trial. *Railway Co. v. Henderson*, 10 Colo. 1; *Gardiner v. Schmaelzle*, 47 Cal. 588; *Association v. Willard*, 48 Cal. 614.

It is unnecessary to consider in detail the remaining assignments of error. The case appears to have been fairly tried in accordance with the views expressed in the former opinion of this court. It was then determined that the conditional bill of sale was, in effect, a chattel mortgage, and, by the pleadings as amended, the case was made to turn upon whether or not Horn became liable upon his bond to the payment of costs in the case of *Standering v. Carrothers*. The issue was submitted to the jury under proper instructions, and decided against the appellant. The evidence seems to fully warrant the verdict. The judgment will therefore be affirmed.

*Affirmed.*

### REHEARING.

PER CURIAM. Upon petition for rehearing, counsel for appellant urge with renewed zeal that the denial of the motion for a nonsuit by the court below was fatal error. The Code (sec. 166) provides that, if plaintiff fails to prove a sufficient case for the jury, a judgment of nonsuit may be rendered upon motion of defendant. If the case proved by plaintiff be clearly insufficient, the court would certainly, upon defendant's motion, be justified in rendering a judgment of nonsuit. This is the doctrine announced in *Behrens v. Railroad Co.* 5 Colo. 400, upon which counsel place so much reliance. But it does not necessarily follow that, if the court refuse defendant's motion for a nonsuit, when

plaintiff fails to prove a sufficient case for the jury, the error will be such as to cause a reversal of any judgment which may thereafter be rendered in favor of plaintiff; for, if defendant elects to proceed with the trial, he does so at the risk that the defect in the proof of plaintiff's case may be supplied either by evidence given in behalf of defendant or by evidence permitted to be given by plaintiff in his original case. See Code, § 187; *City of Denver v. Dunsmore*, 7 Colo. 328; also *Railway Co. v. Henderson*, 10 Colo. 1 (cited in the original opinion).

Undoubtedly, if the defect in the proof be not afterwards supplied at the trial, the error in refusing the nonsuit is not cured; and, if repeated by a final judgment in favor of plaintiff, the judgment may be reversed, either for the original or repeated error. The other matters urged in favor of a rehearing do not require discussion. The petition for rehearing is denied.

*Rehearing denied.*