[No. 2002.]

MORSE ET AL. v. MORRISON.

1. LANDLORD AND TENANT—LIEN FOR RENT.

Section 2854, Mills, Ann. Stats., giving to hotel and boarding house keepers and other persons a lien on the baggage and furniture of their guests and tenants for rent, does not give to the lessor of an office room a lien on his tenant's furniture for the rent of the office.

2. CHATTEL MORTGAGES—ACKNOWLEDGMENT AND RECORD.

The failure to acknowledge and record a chattel mortgage does not invalidate it as between the immediate parties thereto. And third persons in whose favor it may be held void, must be persons having some right or interest in the property.

3. CHATTEL MORTGAGES—LANDLORD AND TENANT.

A lessor of an office room having no lien on his tenant's furniture who took possession of such furniture for rent due, without taking any legal measures to have the property subjected to the payment of the debt, acquired no right or interest in the property as against the holder of a chattel mortgage that was not acknowledged and recorded.

4. CHATTEL MORTGAGES—CREDITORS—LANDLORD AND TENANT.

A lessor of an office room having no lien on his tenant's furniture who took possession of such furniture for unpaid rent without the consent of his tenant and without the aid of any legal process was not a creditor or subsequent purchaser in good faith within the meaning of section 2027, Mills' Ann. Stats. And the fact that one holding a chattel mortgage on such furniture from said tenant permitted the mortgagor to remain in possession thereof after the maturity of the mortgage debt, did not invalidate the chattel mortgage as between such mortgagee and lessor.

*Appeal from the District Court of Arapahoe County.*

Mr. THOMAS H. HARDCASTLE, for appellants.

Mr. HENRY HOWARD, Jr., for appellee.

THOMSON, J.

Replevin by appellee against appellants to recover the possession of certain specific articles of personal property, kept

VOL. XVI—29

in an office in a building belonging to the appellants. The court, on a trial without a jury, gave the plaintiff judgment, and the defendants appealed.

The evidence disclosed the following facts : On the 26th day of June, 1897, M. L. Chapman occupied an office in the building in Denver known as the "Boston Building," and the property in question consisted of furniture belonging to him, and used by him in his office. On that day, Chapman, being indebted to the plaintiff, executed to the latter his note for the amount due, and secured its payment by a chattel mortgage of the property in suit. The note, by its terms, matured on July 6, 1897 ; but the plaintiff left the property in the hands of the mortgagor, and made no attempt to recover it until the commencement of this action, on the 14th day of July, 1898. On the 1st day of December, 1897, Chapman was indebted to the defendants in the sum of $250 for rent of the office for ten months ; about the 4th of that month their agent asked him to secure the debt by bill of sale on the property, but he refused, saying that he had mortgaged it to the plaintiff. On the next day the agent took possession of the property, and placed it in another room of the same building. The mortgage to the plaintiff was never recorded.

Two questions are presented to us for decision, which are thus stated by counsel for the appellants :

"First. Were the appellants entitled to a lien upon the tenant's furniture in an office room used for business purposes, for rent overdue and unpaid ?

"Second. Can the title of appellee under a chattel mortgage overdue and unrecorded, and not proved to have been noted in the record of the notary public taking the acknowledgment of the same, be held good and valid against an existing creditor with a claim for rent overdue and unpaid? "

I. The following is the statutory provision in relation to liens upon furniture for rent of rooms : " The keeper of any hotel, tavern or boarding house, or any person who rents furnished or unfurnished rooms, shall have a lien upon the bag-

gage and furniture of his or her patrons, boarders, guests or tenants, for such boarding, lodging or rent, and for all costs incurred in enforcing such lien." Mills' Ann. Stat. sec. 2854. The contention is that the terms " furnished and unfurnished rooms," include all classes of rooms, for whatever purpose they may be rented. The all-embracing construction for which counsel contends, would bring not only rooms used for lodging, but offices, storerooms, and even factories, within the purview of the statute. The lien upon furniture is given to the keeper of a hotel, tavern or boarding house, and any person who rents furnished or unfurnished rooms. There is a well established rule of construction that where words of general import follow specific designations, the application of the general language is controlled by the specific. *St. Louis v. Laughlin*, 49 Mo. 559 ; *Lynchburg v. Railroad Co.*, 80 Va. 237 ; *Narramore v. Clark*, 63 N. H. 166 ; *Sandiman v. Breach*, 7 Barn. & Cres. 96 ; Bouvier's Law Dictionary, tit. *Ejusdem Generis*. The keeper of a hotel has the remedy of a lien against the guests stopping with him, and a boarding house keeper against the boarders rooming in his house. Thus, in those cases, the particular classes of persons who are entitled to the lien are those who furnish lodging to their guests or patrons ; and, in accordance with the rule, the general words, " any person who rents furnished or unfurnished rooms," must be construed as applicable to persons *ejusdem generis*, that is, to persons renting rooms for lodging purposes. They were not intended to include the owners of business houses, who rent their rooms solely for purposes of business. Storerooms without counters or shelving, or offices without desks, safes or chairs, are not the kind of unfurnished rooms contemplated by the statute. The defendants had no lien upon the furniture mortgaged to the plaintiff. The case of *Albers v. Turley*, 10 Colo. App. 450, to which we have been referred, is not in point, because, as appears from the opinion, the person who was adjudged entitled to a lien, was the keeper of a rooming house, and not the proprietor of an office building.

II. Our statute provides that no mortgage of personalty shall be valid as against the rights and interest of any third person unless possession shall be delivered to, and remain with the mortgagee, or unless the mortgage be acknowledged and recorded in the prescribed manner. The statute does not make the mortgage invalid as between the immediate parties, and the third persons, in whose favor it may be held void, must be persons having some right or interest in the property. As between the parties themselves, it is valid and enforcible without acknowledgment or record. *Horn v. Reitler*, 12 Colo. 310: *Harbison v. Tufts*, 1 Colo. App. 140. At the time this replevin was brought, the defendants had no lien upon the property; they had taken no legal measures to have it subjected to the payment of the debt due them; they had, therefore, no right or interest in it within the meaning of the statute; and their objections to the mortgage, that it was not acknowledged and was not recorded are worthless.

Nor does the fact that the mortgagee suffered the mortgagor to remain in possession of the property after the maturity of the note, constitute any defense to the plaintiff's claim. When a mortgagor makes default in the payment of the debt secured, the mortgagee becomes the absolute owner of the mortgaged property; and the relation of the latter to the property, and the rights with respect to it of creditors of the mortgagor, and subsequent purchasers in good faith, are defined by the following statutory provision: "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by immediate delivery, and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and this presumption shall be conclusive." Mills' Ann. Stat. sec. 2027. See *Atchison v. Graham*, 14 Colo. 217. By that provision, the want

of delivery and change of possession avoids the sale only as against creditors and purchasers. As between the parties it is still good, and to enable a creditor to elude the title of the vendee, he must resort to the means provided by law for the assertion of his claim. Without the aid of legal process, he acquires no right in the property by taking it *in invitum*. The defendants took this property from the possession of Chapman without his consent, without authority of law, and with knowledge of the plaintiff's mortgage. We do not attach much importance to the fact of their knowledge, because without it their possession was not a lawful possession, and being without interest in the property, they are not in a position to question the plaintiff's title.

Let the judgment be affirmed.

*Affirmed.*

WILSON, P. J., not sitting.