Thomson, P. J.
Suit by appellant against appellee, a corporation, for the -wrongful conversion by the latter of a quantity of grain belonging to the former. Judgment for defendant, and appeal by plaintiff.
The following facts appear from the pleading and evidence: On the 6th day of October, 1900, R. M. Phillips executed and delivered to the plaintiff a chattel mortgage on twelve stacks of grain on the northwest quarter of section 27, township 41, range 9, in Saguache county, to secure his note for $532.20, payable to the plaintiff December 1, 1900. This mortgage provided for the retention by the mortgagor of the possession of the property until default, and was never recorded. The defendant was the proprietor of a mill and elevator. On January 3, 1901, the note being unpaid, the plaintiff, by his agent, exhibited the mortgage to a Mr. Breckenridge, the defendant’s manager, who said that Mr. Phillips’ grain had been delivered there, but had not been paid for; and on demand then made by the plaintiff’s agent, refused delivery of the grain to the plaintiff. *450 After the exhibition of the mortgage to the manager, and while the parties were still talking, process in garnishment on a judgment against Phillips was served on the managér, who made answer that the defendant was indebted to Phillips in the sum of $426.-30. The defendant was afterwards summoned as garnishee in two other cases, and in each made similar answer. The answer in this action averred, and the replication denied, that the defendant had purchased the grain from Phillips, and had made the purchase without knowledge of the mortgage. There was no evidence that it asserted any claim to the wheat as purchaser when the demand was made, nor at the trial was there any evidence that it was a purchaser. Neither was it shown that the defendant had any knowledge of the existence of the mortgage until its exhibition to the manager. In the conversation between plaintiff’s agent and the manager, no question •was raised as to the identity of the grain which had been delivered to the defendant. The manager admitted, generally, that the defendant was in possession of Mr. Phillips ’ grain. In his brief, counsel for the defendant maltes the broad assertion that it purchased the grain; but the assertion cannot take the place of evidence. The statement of the manager that the defendant had Mr. Phillips ’ grain, is inconsistent with a supposition of purchase; because if the defendant was a purchaser, it owned the grain itself, and the grain was not Mr. Phillips’.
Defendant’s counsel points us to no evidence •upon which it might be said that the defendant purchased the grain. lie assumes a purchase, and argues as if the assumption had been established. The mortgage not having been recorded, if the defendant' was a purchaser, and had purchased without actual knowledge of the existence of the mortgage, it would have taken a good title, and proof of that fact would *451 have left the plaintiff without a cause of action. In such case, as against the plaintiff, there was, and could he, no conversion hy the defendant. But if it had not purchased the grain, Phillips was still its owner, subject to the title vested in the plaintiff hy the mortgage.
An unrecorded chattel mortgage is good as between immediate parties; and the failure to record it, is available only to persons having some right or interest in the property. — Horn v. Reitler, 12 Colo. 310; Morse v. Morrison, 16 Colo. App. 449. A mortgage of chattels vests the title in the mortgagee, subject to the right of the mortgagor to redeem before default. But upon default the legal title becomes absolute in the mortgagee, who thereupon may, if hy the terms of the instrument the property has remained with the mortgagor, take it into his own possession. . Nor, as against a person without interest, is it material what length of time after default the mortgagee suffers to elapse before he asserts his right to possession. In this case, a statutory period of thirty days was exceeded. This delay would have been fatal to the mortgagee’s title, if he had found the property in the hands of a bona fide purchaser, or in the custody of an officer at the suit of a creditor of the mortgagor. But as the defendant was merely holding the property for Phillips, it stood in the shoes of the latter. It could interpose no obstacle to the proceeding of the plaintiff to reduce the property to his possession, which could not he interposed by the mortgagor himself.
When the plaintiff demanded the property he was entitled to its immediate possession. The defendant not only refused to deliver it, hut answered to process in garnishment that he was indebted to Phillips, thus enabling certain of the latter’s creditors to subject it to the payment of their claims, and *452 causing its loss to tlie plaintiff. Upon tlie record before us, the defendant’s answer in garnishment that he was indebted to Phillips, was not true, and the allegation of conversion was abundantly established.
The defendant introduced no evidence. On defendant’s motion, after the plaintiff had concluded his ease, the court ordered a nonsuit in his favor. The judgment was erroneous. The plaintiff’s evidence, as it has been laid before us, required a judgment for him.
The judgment will be reversed.

jReversed.