## No. 8882.

### BEATRICE CREAMERY COMPANY *v.* SYLVESTER ET AL.

SALE OF CHATTELS—*Title Retained—Secret Lien—Effect.*  Sale of a silo, the written contract expressly stipulating that until full payment of the purchase price the title remains in the seller, that the annexation thereof to any lands of the buyer, shall not affect the right of the seller, and conferring upon the seller the right, in case of default, to retake the thing sold, is valid between the parties.  The silo remains personal property.

So even as to the prior mortgagee of lands upon which the silo was afterwards erected and affixed, where it may be removed without material injury to the land.

The mortgagee is not a third person within the meaning of Rev. Stat. Sec. 512.

*Error to Rio Grande District Court, Hon. Jesse C. Wiley, Judge.*

Messrs. DOUD & FOWLER, Mr. E. B. FOWLER, Mr. H. M. HOWARD, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendants in error.

Opinion by Mr. Justice Allen.

THIS is an action in replevin brought by the Beatrice Creamery Company against Osborne W. Sylvester and The Wallace State Bank.  A trial resulted in a judgment against the plaintiff, and it brings the cause here for review.  The material facts involved in this case are as hereinafter recited.

On April 26, 1913, the defendant Sylvester executed a mortgage upon his five hundred acre farm to one Wallace. The mortgage was duly recorded, and afterwards assigned to the defendant, The Wallace State Bank.

On August 9, 1913, the defendant Sylvester purchased from the plaintiff two Washington fir stave silos. At the time of this purchase the buyer, Sylvester, signed and delivered to the plaintiff two promissory notes for the purchase price of the silos. Each of these notes contained the following provisions:

"It is hereby stipulated and agreed that the title to the silos for which this note is given shall remain in possession of said company until this note is fully paid, and they shall have power to take possession of the same at any time they may feel insecure, and sell the same and apply the proceeds toward the payment of this note, and I agree to pay the deficiency.

"It is agreed that the placing of the said silos upon, or its annexation to, any lands or buildings of the purchaser shall not affect or lessen the rights of said company as herein reserved."

The silos were delivered by the plaintiff, the Beatrice Creamery Company, to the defendant Sylvester in August, 1913, and were erected upon the farm hereinbefore mentioned. The silos were twenty-four feet in diameter and forty feet in height. They were placed upon concrete foundations which were eighteen inches thick and extended into the ground about three feet. The weight of the silos held them in place. They were also held in position by pins from five to seven inches in height which projected out of the concrete foundation, and the silos were also held to the foundation by cables which could be easily detached. The value of the farm would be the same, if the silos were removed, as it was before the silos were erected. The silos can be taken down without material injury to the land.

This action is one instituted by the plaintiff in replevin for the possession of the two silos above described. The trial court held that, under the facts in this case, the plaintiff could not prevail, and found "the issues for the defendant bank." ·

As between the plaintiff and the defendant Sylvester, the provisions of the promissory notes as to the right of

the plaintiff to retake possession of the silos were valid and enforceable. *Harbison v. Tufts,* 1 Colo. App. 140, 27 Pac. 1014. So far as the rights of the plaintiff and the defendant Sylvester, as between themselves, are concerned, the silos remained personal property, as a result of the agreement had between the parties and made before the chattels in question were annexed to the realty. *Hughes v. Kershow,* 42 Colo. 210, 93 Pac. 1116, 15 L. R. A. (N. S.) 723.

The principal question in this case concerns the rights of the plaintiff, the vendor of the property in controversy, as against the defendant bank, a prior mortgagee of the real estate upon which this property was placed. The plaintiff's rights against each defendant respectively are derived from the agreements, express and implied, contained in its contract with the defendant Sylvester, the purchaser of the silos. The contract reserved a secret lien to the plaintiff, as vendor of the silos, and to preserve this lien, it was agreed in this contract that the annexation of the silos to any lands or buildings of the purchaser shall not affect or lessen the rights of the plaintiff. This was an agreement to the effect that the silos should retain their status as chattels or personal property after annexation. Such agreements may be implied from a conditional sale or from a chattel mortgage by the buyer to the seller. 19 Cyc. 1048, 1049. If the contract between the buyer and the seller of the silos in the instant case is regarded as a sale with the reservation of a secret lien to the seller, there is no sufficient reason why such lien should not be held good in favor of the plaintiff as against the defendant bank. In *Puzzle Co. v. Morse Co.,* 24 Colo. App. 74, 78, 131 Pac. 791, it is said:

"The doctrine in Colorado has become well established that a conditional sale reserving a secret lien to the vendor is void as against creditors or subsequent holders having no notice thereof, and who are injuriously affected thereby. * * *

"In other words, such conditional sales as against third

parties having no notice thereof, and who are injuriously affected thereby, must be treated as absolute sales."

The doctrine announced in the above quotation does not apply in the instant case, for the reason that the defendant bank, if regarded as a "creditor" or a "third party" within the meaning of the rule, is and was not, for the reasons hereinafter stated, "injuriously affected" by the plaintiff's lien.

Under the reasoning contained in *Andrews & Co. v. Colo. Sav. Bank,* 20 Colo. 313, 318, 36 Pac. 902, 46 Am. St. 291, the contract in question may be regarded as in effect a chattel mortgage, which is "void as to third party," because not acknowledged and recorded, as required by the chattel mortgage act (Sec.512, R. S. 1908; Sec. 620, M. A. S. 1912). The expression "third persons," or third parties, does not apply in all its literal significance so as to embrace all persons whatsoever, without regard to their interest in the property conveyed or the possibility of their being injured by the enforcement of the lien. *Groce v. Phoenix Ins. Co.,* 94 Miss. 201, 48 So. 298, 22 L. R. A. (N. S.) 732. In *Morse v. Morrison,* 16 Colo. App. 449, 452, 66 Pac. 169, it was held that the "third persons" in whose favor a chattel mortgage may be held void, "must be persons having some right or interest in the property." In *Harbison v. Tufts,* 1 Colo. App. 140, 143, 27 Pac. 1014, it was held, in effect, that an unrecorded chattel mortgage would be void only as to "creditors and bona fide purchasers without notice." In *Campbell v. Roddy,* 44 N. J. Eq. 244, 14 Atl. 279, 6 Am. St. Rep. 889, it was held that a prior mortgagee of the real estate on which chattels are placed stands neither in the light of a creditor nor of a subsequent purchaser, so as to be entitled to defeat a chattel mortgage or a lien upon such chattels. To the same effect is the case of *Cox v. New Bern Lighting & Fuel Co.,* 151 N. C. 62, 65 S. E. 648, 134 Am. St. 966, 18 Am. & Eng. Ann. Cas. 936, holding that a delay in recording a conditional sale of chattels which are affixed to mortgaged land does not affect the rights of the conditional vendor as against the prior mort-

gagee of the real estate, because such mortgagee was not prejudiced by the failure to record. In *Binkley v. Forkner*, 117 Ind. 184, 19 N. E. 756, 3 L. R. A. 33, the court said that "a prior mortgagee (of the real estate) can not occupy the attitude of an innocent purchaser." In view of the foregoing authorities, a prior mortgagee of the real estate, situated in the position of the defendant bank in the instant case, is not a "third person" within the meaning of the chattel mortgage statute above discussed, in a case where the chattel mortgage, or an instrument which is in effect a chattel mortgage, is given upon chattels annexed to the real estate. This conclusion is not inconsistent with that arrived at in *Andrews & Co. v. Bank, supra*, for in that case the fixtures were annexed before the real estate mortgage, or deed of trust, was given, and the deed of trust was given upon both the real estate and the fixtures. The defendant bank is not entitled to prevail on any theory based on the provisions of the chattel mortgage act.

The question remaining to be determined, and that most important in this case, is. what is the effect of the agreement between the plaintiff and defendant Sylvester, providing that the silos remain personal property and removable, as between the plaintiff and the defendant bank, a prior mortgagee?

A number of elements may be involved in the determination of such controversies. 19 Cyc. 1050. The defendant bank obtained and held its lien as a real estate mortgagee before the silos were brought or attached to the realty. It is not claimed that the bank's mortgage contained an after-acquired property clause. It is conceded that the silos can be removed without material injury to the land. It appears that the removal of the silos would not impair the security of the defendant bank. The bank, being a mortgagee, held no legal title whatever to any part of the premises. *Pueblo & A. V. R. R. Co. v. Beshoar*, 8 Colo. 32, 5 Pac. 639. In the case just cited the court said:

"By statute in this state the equitable doctrine, in the

absence of special contract to the contrary, has been made universal; plaintiff's mortgage created a lien merely."

The foregoing was quoted with approval in *Hendricks v. Julesburg*, 55 Colo. 59, 132 Pac. 61, and in *Moncrieff v. Hare*, 38 Colo. 221, 87 Pac. 1082, 7 L. R. A. (N. S.) 1001.

As applicable to such a state of facts as that appearing in the instant case, the law is clearly stated in Jones on Chattel Mortgages (5th ed.), sec. 133a, as follows:

"One holding a mortgage of the realty has no equitable claim to chattels subsequently annexed to it. He has parted with nothing on the faith of such chattels. Therefore, the title of a conditional vendor of such chattels, or of a mortgagee of them, before or at the time they were attached to the realty, is just as good against the mortgagee of the realty as it is against the mortgagor."

That the principle announced in the foregoing quotation is supported by the weight of authority is evident from a reading of the exhaustive note on the point in question in 37 L. R. A. (N. S.) 120.| A recent case deciding the same point is *Murray Co. v. Chickasha Cotton Oil Co.*, (Okla., 1918) 174 Pac. 1091, where the court says:

"On this question there is some conflict of authority; but the weight of authority, which seems to be founded on sound principles of justice, sustains the rule that where a mortgaged chattel is attached to mortgaged realty, and the same can be removed without material injury to the real property, the holder of the chattel mortgage does not lose his rights in the chattel, and especially this rule is true where the vendor of a chattel has an express agreement with his vendee that the same shall not be attached to the realty and become a part thereof until the vendor's mortgage lien is discharged.  *  *  *

"To hold that the chattel mortgagee lost his lien and right in the machinery, and the same vested in the real estate mortgagee, would, it seems, be taking property from one and giving it to another by legal fiction."

In *Campbell v. Roddy, supra,* the court says:

"But it would be difficult to perceive any equitable

ground upon which the property of another which the mortgagor annexes to the mortgaged premises should inure to the benefit of a prior mortgagee of the realty. The real estate mortgagee had no assurance, at the time he took his mortgage, that there would be any accession to the mortgaged property. He may have believed that there would be such accession; but he obtained no rights, by the terms of his mortgage, to a lien upon anything but the property as it was conditioned at the time of its execution. He could not compel the mortgagor to add anything to it. So long, therefore, as he is secured the full amount of indemnity which he has taken, he has no ground for complaint. There is, therefore, no inequity towards the prior real estate mortgagee, and there is equity towards the mortgagee of the chattels, in protecting the lien of the latter to the full extent, so far as it will not diminish the security of the former.) As already remarked, the real estate mortgagee is entitled to any annexation made by his mortgagor of his own property, but he is not entitled to the property of others. The property of the mortgagor in these chattels, when he made the annexation, was an equity of redemption. So far as this interest had a value, it became subjected to the lien of the prior real estate mortgage, but the value of his interest was the value of the property subjected to the lien."

In 19 Cyc. 1051, it is said:

"If the mortgage of the realty is prior to the annexation, having parted with nothing on the faith of the fixture, the mortgagee is not a purchaser for value as regards it, and generally his rights are subject to those having interests in the fixture other than the mortgagor."

Numerous cases on this subject are collected in 19 Cyc. 1051, note 87; 37 L. R. A. (N. S.) 119-124; 11 R. C. L. 1066, notes 6-8. Neither this court nor our Court of Appeals has ever held contrary to the rule announced in the foregoing authorities. In *Fisk v. Bank,* 14 Colo. App. 21, 59 Pac. 63, the facts were not parallel to those in the instant case. The court there held that the facts of that case

could not be brought within the rule announced in *Tifft v. Horton*, 53 N. Y. 377, 13 Am. Rep. 537, and *Binkley v. Forkner, supra,* which supports the text above quoted from Cyc. and that from Jones on Chattel Mortgages. The court did not commit itself to the contrary doctrine.

The rule which permits the plaintiff to prevail as against the defendant bank, under the facts as disclosed by the record in the instant case, is supported both by reason and by the weight of authority. We therefore adopt it, and hold that the trial court erred in finding "the issues for the defendant bank." The judgment is reversed, and the cause remanded for further proceedings in harmony with the views hereinbefore expressed.

Reversed.

Decision *en banc.*

Garrigues, C. J., dissenting:

I can not agree with the majority opinion.

The agreement that the title to the silo should remain in the vendor after it was erected on the premises constituted a secret lien, and was void as to third parties. I think the owner of the real estate mortgage was a third party, and, as to him, the silo, when erected upon the land, became real estate, like a barn or a dwelling thereon. I can see no distinction as to whether the improvement was placed on the premises by the land owner, or by another under some secret agreement with the owner.

I am authorized to state that Mr. Justice Scott concurs in this view.

Decided January 6, A. D. 1919. Rehearing granted. Judgment reversed on rehearing March 3, A. D. 1919.