## WARREN SPRINGER

*v.*

## SAMUEL R. LIPSIS.

*Opinion filed April 20, 1904.*

1. APPEALS AND ERRORS—*the question of possession is one of fact.* Whether the lessee or his mortgagee was in possession of the mortgaged stock at the time of the levy of a distress warrant by the lessor is a question of fact conclusively settled by the verdict of the jury and the judgment of the Appellate Court.

2. MORTGAGES—*possession by the mortgagee cures irregularities in the mortgage.* Possession of mortgaged property by the mortgagee before other rights attach is good as against everybody, even though the mortgage did not create a lien as against third persons.

3. SAME—*note is good between parties though it does not state that it is secured.* As between the parties it is not necessary the note state on its face that it is secured by chattel mortgage, if possession is taken by the mortgagee before the lien of a third party attaches.

4. EVIDENCE—*admissibility of irregular mortgage in evidence.* In an action of trover by a mortgagee of chattels against the mortgagor's landlord, who took the property from the mortgagee's possession by a distress warrant, the mortgage, if good between the parties, is admissible to show the indebtedness and the contract between the parties, though it did not create a lien as against others.

*Springer* v. *Lipsis*, 110 Ill. App. 109, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

W. N. GEMMILL, for appellant.

DAVID R. LEVY, and DOUGLAS C. GREGG, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an action in trover, brought by Samuel R. Lipsis, appellee, against Warren Springer, appellant, and Charles A. McDonald. The action grew out of a lease made by appellant to Louis Hammerslough for certain rooms at Nos. 214 and 216 South Clinton street, Chicago.

The lease was to continue from the 15th day of June, 1896, to the 30th day of November, 1897. On the 21st day of May, 1896, Hammerslough, with the consent of appellant, assigned the lease to the Midland Printing Ink Works, and on October 14, 1897, there was due appellant rent in the sum of $229.20 under the terms of the lease, and being unable to collect the same he levied a distress warrant, and, after obtaining judgment, advertised and sold all the personal property in said building which appellant claimed was owned by said company, and at the sale, which was conducted by McDonald, appellant purchased the property for the sum of $200. It appears that on December 21, 1896, the Midland Printing Ink Works gave a chattel mortgage on all the personal property in said building to appellee to secure a promissory note for $2000 which appellee held against the company, and it is claimed by appellee that on October 1, 1897, he took possession of the property through his agent, Mr. Rosenwald. It is insisted by appellant that the mortgage and note were both void, the mortgage being made in Kansas City, out of the State, and acknowledged by a notary public, and the note did not state, upon its face, that it was secured by a chattel mortgage. During the pendency of the suit McDonald died, and an order was entered suggesting his death and directing the cause to abate as to him. The cause was tried before a jury, resulting in a verdict for plaintiff for the sum of $1035. An appeal was prosecuted to the Appellate Court, where the judgment was affirmed, and a further appeal is prosecuted to this court.

No objection is raised to the giving or refusal of instructions, except the refusal of the court to give appellant's peremptory instruction at the close of all the evidence.

The first, and main, question argued by appellant is as to the sufficiency of the instrument purporting to be a chattel mortgage; but under the view we take it makes

no difference whether the chattel mortgage was perfect in every respect or not, so it was good between the parties, as the main question in the case is, who had possession of the goods on October 14, 1897, at the time of the levy of the distress warrant. It is not denied by appellant that his claim would not become a lien until after the levy of the distress warrant, and it being a question of fact for the jury as to who was in possession at the time of the levy of the distress warrant, and the jury, under proper instructions, having found for appellee, and that finding having been sustained by the Appellate Court, the question cannot be considered by us. It makes no difference whether the mortgage was properly acknowledged or in proper form if possession had been taken of the property by a person having a lien. If a mortgagee takes possession of mortgaged property before any other right or lien attaches, his title, under the mortgage, is good against everybody, although it is neither acknowledged nor recorded, or if the record be ineffectual by reason of any irregularity. (*First Nat. Bank* v. *Barse Live Stock Commission Co.* 198 Ill. 232.) Appellant acknowledged that he knew of appellee being in possession, and wrote Mr. Rosenwald a letter notifying him that he would hold him responsible for the rent, the letter being as follows:

"CHICAGO, *October 11, 1897.*

"*Mr. M. H. Rosenwald, Att'y in fact for S. R. Lipsis, Kansas City:*

"DEAR SIR—You are hereby notified that I will hold you responsible for rent of the premises 214-216 S. Clinton St., under lease from me by Midland Printing Ink Company, during the time you are in possession.

"Yours truly, WARREN SPRINGER,
Per GALLUP."

It is next argued that the note is void for the reason it does not state upon its face that it is secured by a chattel mortgage; but as between the parties it was not necessary for the note to state this upon its face, if possession of the goods was in fact taken before the lien of a third party attached. *Sellers* v. *Thomas*, 185 Ill. 384.

It is next insisted that the damages awarded are excessive; but this is not a matter for investigation by us, as the judgment of the Appellate Court is final upon this question.

It is next contended that the court erred in admitting the mortgage in evidence for the reason that it never had the effect of establishing a lien in favor of the mortgagee; but we do not agree with appellant upon this proposition, as the mortgage was good between the parties, and it was proper evidence to prove the indebtedness and the contract between the parties to the mortgage.

It is also stated by the appellant in his brief that the court improperly admitted evidence concerning the value of the property in question, and that witnesses were permitted to testify as to the value of the property who knew nothing about it whatever; but no such evidence is pointed out or reference made to the abstract where such evidence may be found. Under these circumstances we will not examine the entire abstract in order to ascertain if any improper evidence was admitted.

After a careful examination of the record we are satisfied that there is evidence tending to support the judgment, and the judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*