THEODORE G. LANGE, Appellee, *vs.* ALFRED L. COLE,
Appellant.

*Opinion filed February 19, 1909—Rehearing denied April 9, 1909.*

MORTGAGES—*when the mortgagor's possession of chattel is not
fraudulent.* The record of a chattel mortgage is notice to all per-
sons of the existence of the lien, and the fact that the property
is temporarily taken possession of by the mortgagee with the in-
tention of enforcing payment of an installment of the debt and is
returned to the possession of the mortgagor after the installment is
paid does not render the mortgagor's possession fraudulent as to
third persons during the remaining life of the mortgage, nor de-
stroy the lien as against a purchaser at a constable's sale having
both actual and constructive notice of the mortgage.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on writ of error to the Mu-
nicipal Court of Chicago; the Hon. JOHN H. HUME,
Judge, presiding.

PIERSON & PEASE, for appellant.

ASA Q. REYNOLDS, for appellee.

Per CURIAM: This is an appeal from a judgment of
the Appellate Court for the First District reversing a judg-
ment of the municipal court of Chicago in an action of re-
plevin for the possession of an automobile.

The litigation grows out of the following state of facts:
On May 10, 1906, Alfred L. Cole sold an automobile to
Godfrey Johnson and O. L. Cosgrove and took from them
a chattel mortgage, in the usual form, upon the automobile
to secure the deferred payments, which were evidenced by
a series of promissory notes. The mortgage was properly
executed, acknowledged and recorded before the occurrence
of any of the facts out of which the conflicting claims to
the property arise. About the first of October, 1906, the
mortgagors failed to pay some of the notes which had ma-

tured, and the mortgagee, through his attorneys, placed the notes and mortgage in the hands of a constable, with directions to demand payment of the amount due, and on failure to secure payment he was directed to take possession of the automobile. The constable made demand, as directed, for payment, and payment having been refused, he took the automobile and started to the office of appellant's attorneys. On the way to the office the officer was overtaken by Johnson, who said that he thought he could arrange the matter with the attorneys, and accordingly got in the automobile with the constable and went to the law office of appellant's attorneys. Johnson there paid the appellant's attorneys the notes that were then due, and thereupon the attorneys directed the constable to allow Mr. Johnson to take the automobile away, which he did. The machine remained in the possession of the mortgagors until January 29, 1907, when it was levied upon and sold by virtue of an execution against the mortgagors and purchased by Theodore G. Lange, appellee in this case. Before the constable sold the automobile Lange was notified that appellant held a mortgage upon the machine which was unpaid. The constable, however, proceeded to sell the automobile and delivered the same to the appellee after the sale. On January 29 appellant took possession of the automobile under his chattel mortgage and on the next day appellee sued out this writ of replevin. Upon a trial of the case in the municipal court a judgment was entered in favor of appellant. Appellee sued out a writ of error from the Appellate Court, where the judgment of the trial court was reversed and a judgment entered in that court in favor of appellee. Appellant having obtained a certificate of importance from the Appellate Court, brings the case to this court for review.

The Appellate Court based its judgment upon the ground that the mortgagee, by taking possession of the mortgaged property, completed his legal title, and that a re-delivery of the mortgaged property to the mortgagors did not vest in

the mortgagors a possession in accordance with the provisions of the mortgage, from which the conclusion is drawn that the possession thus vested in the mortgagors was fraudulent *per se* as to third persons. In our opinion this judgment proceeds from an erroneous view of the law. The mere fact that the mortgagee may have taken possession of the automobile with the intention of enforcing a payment of the amount due, by a foreclosure or otherwise, did not have the effect of destroying the relation of the parties, between themselves or as to third parties. All of the notes secured by the mortgage were not due. As already pointed out, the mortgage was regularly executed, acknowledged and recorded, as required by the statute, and when the mortgagors were found in possession of the mortgaged property their possession was in strict accordance with the terms of the mortgage, and was not, for that reason, fraudulent as to third persons. At the time the automobile was levied upon by the constable the mortgage was in full force and the notes were not then due. The mortgagee was not in default in not taking possession of the mortgaged property at that time. The record of the mortgage afforded notice to all persons of the existence of appellant's lien, and in addition to the record appellee had actual notice, before he bought the automobile, that appellant claimed the same under his mortgage. Under the situation presented by these facts, appellant is clearly entitled to the possession of the property involved in the replevin suit.

The judgment of the Appellate Court is therefore reversed and the judgment of the municipal court affirmed.

*Appellate Court reversed, municipal court affirmed.*