## Albert P. Snite, Plaintiff in Error, v. Robert C. Gehrke, Defendant in Error.

### Gen. No. 19,737. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J.
ROONEY, Judge, presiding. Heard in this court at the March term,
1914. Affirmed. Opinion filed November 9, 1914.

### Statement of the Case.

Action of replevin by Albert P. Snite against Robert
C. Gehrke to obtain household goods in the possession
of defendant under a distress warrant. The trial court
held adversely to plaintiff and a writ of *retorno ha-
bendo* was ordered to issue. To reverse the judgment,
plaintiff prosecutes a writ of error.

The chattel mortgage purported to have been made
by Catherine D. Pearce and George C. Pearce, but
the clerk of the Municipal Court, before whom the ac-
knowledgment was made, certified that the persons
acknowledging it before him were Arthur D. Pearce
and George C. Pearce. The mortgage also purported
to have been given to secure a note of even date which,
by the language of the mortgage, became "due and
payable on or before 35 months after date of option
of the legal holder thereof."

SNITE & LONGENECKER, for plaintiff in error; JOEL
F. LONGENECKER, of counsel.

FREDERICK H. GANSBERGEN and WILLIAM C. RIGBY,
for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the
court.

## Abstract of the Decision.

1. CHATTEL MORTGAGES, § 68*—*when acknowledgment insufficient.* Where a chattel mortgage is not acknowledged by one of the mortgagors, it will not be effective as against the claim of a third party.

2. CHATTEL MORTGAGES, § 36*—*when statement as to maturity of note defective.* A provision in a chattel mortgage that the note secured thereby "became due and payable on or before 35 months after date of option of the legal holder thereof," *held* to state no time for the maturity of the debt and to constitute a defect of which a third party may take advantage.

3. REPLEVIN, § 44*—*necessity of demand.* Where defendant is in possession of goods, under a distress warrant, his possession is lawful and a demand is necessary before replevin can be brought.