Leon Van Zele, Appellee, v. H. H. Cleaveland and James McNamara, trading as Cleaveland & McNamara, Appellants.

Gen. No. 6,415.

1. CHATTEL MORTGAGES, § 203*—*what is right of mortgagee to take possession of only part of property under insecurity clause.* A chattel mortgagee who exercises his right under the insecurity clause of the mortgage to take possession of the mortgaged property on default of the mortgagor cannot take possession of part only of such property and retain his lien under the mortgage as to the remainder thereof as to third persons, but must, as that clause requires, declare the whole debt due, sell the property and account for the proceeds.

2. CHATTEL MORTGAGES—*when second mortgage not invalid as to execution creditors of mortgagor.* A second chattel mortgage is not invalid as to execution creditors of the mortgagor from the mere fact the debt secured by it was included in a first mortgage upon other chattels and that fact not recited in the second mortgage.

Appeal from the County Court of Whiteside county; the Hon. W. A. BLODGETT, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed August 7, 1917. Rehearing denied October 4, 1917.

H. A. WELD, for appellants.

JOSEPH L. SHAW, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

This is a third trial of right of property between the same parties, each arising from an effort of the appellants, Cleaveland & McNamara, to collect a judgment that they obtained in the County Court of Henry county against Thomas Gabriel. Gabriel resided in Henry county, where he gave the chattel mortgage in question in Gen. No. 6,413, *ante,* p. 387, but his prop-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

erty in dispute in Gen. No. 6,414, *ante,* p. 396, was found in Whiteside county and levied on there September 20, 1916, by the sheriff of that county under an execution issued from Henry county September 7, 1916. Gabriel, the mortgagor and execution debtor, claimed his exemptions under that levy, and Van Zele claimed a part of the property under said chattel mortgage and gave notice to the sheriff of that claim October 6, 1916. The trial resulted in a judgment for Van Zele, and a reversal of that judgment by this court. (Gen. No. 6,414, *ante,* p. 396.) The sheriff on October 25, 1916, sold what property remained in his hands and realized enough to pay the costs and expenses, leaving only 40 cents to apply on appellants' execution. They then ordered another levy of the same execution, which was made October 28, 1916, more than a month after the first levy, 22 days after Van Zele had given notice of his claim to the property then levied on, and 10 days after he had obtained the judgment of the Whiteside County Court as to that property in his favor. The last levy was made on 7 horses and 3 colts found in Whiteside county. Appellee, Van Zele, served the sheriff with notice of his claim of right of property, and on a trial before the court without a jury claimed 5 horses and 2 colts under the same chattel mortgage under which he claimed the cattle in Gen. No. 6,413, *ante,* p. 387, and other chattels in Gen. No. 6,414, *ante,* p. 396; and 2 horses and 1 colt under a second chattel mortgage from Gabriel purporting to secure a note of $800, with interest at 6 per cent. The court found for the claimant, appellee, as to the property claimed under the first mortgage, and for the defendants as to the property claimed under the second mortgage. The defendants prosecute this appeal, and present the question whether the claimant could exercise his right as mortgagee to claim the property first levied on in Henry county—the subject of controversy in Gen. No. 6,414, *ante,* p. 396—and leave

the balance of the mortgaged property in the posses-
sion of the mortgagor without, after the lapse of a
reasonable time for him to take possession of such
property, losing his lien.' In other words, appellants
say that when appellee, under the insecurity clause in
the instrument, claimed a part of the chattels mort-
gaged, he was in the position of a mortgagor whose
debt becomes due by lapse of time, and he lost his lien
as against third persons by leaving the property in
the hands of the mortgagor an unreasonable time after
he had, in effect, declared the debt due; that he could
not be permitted to foreclose the mortgage piecemeal.
If appellants are right in their position that appellee
in asserting his title to and taking possession of a
part of the mortgaged chattels in effect declared that
mortgage debt due, we see no escape from their con-
clusion that he lost his first mortgage lien, as against
them, in permitting the property to remain in the pos-
session of Gabriel, the mortgagor, for that length of
time.

The first mortgage contained the usual provision for
possession by the mortgagor until default in payment;
and the further quite common provision that if such
possession should be deemed hazardous by the mort-
gagee, or if the mortgagee should fear diminution of
said goods and chattels, or destruction or alienation
thereof, then he should have the right "to take imme-
diate possession of said goods and chattels,  *   *   *
and sell the same at public or private sale,  *   *   *  to
make the sum of money and interest promised as
aforesaid, together with all reasonable costs, charges
and expenses in so doing; and if there shall be any
surplus, shall pay the same to the said party of the
first part, or his legal representatives." ·

Appellants cite no authority in support of their
position that the action of appellee in taking property
under this insecurity clause was, in effect, declaring
the whole debt due; and we have found no case decid-

ing that question. *Reed v. Eames,* 19 Ill. 594, states the rule that the mortgagee must take possession of the chattels mortgaged on maturity of the debt, and if he suffers them to remain in the hands of the mortgagor after default it is a fraud *per se,* because the real ownership being in one person and the ostensible ownership in another, gives the latter a false credit.

In *Jones v. Noel,* 139 Ill. 377, 382, it is said: ''The indebtedness described in a chattel mortgage cannot be due in the sense that the payee may enforce its collection and at the same time not due for the purpose of justifying a mortgagee in leaving the mortgaged property in the possession of the mortgagor.'' This expression does not mean that the indebtedness may not be treated as due or not due at the option of the mortgagee where there are a series of notes maturing at different times, or that there may not be conditions broken that the mortgagee may or not, as he chooses, treat as defaults of the mortgagor; but we think it does mean that when the indebtedness is due from lapse of time, then, in enforcing its collection, he cannot at the same time say there is a default authorizing his taking a part of the mortgaged chattels, and no default and no condition broken requiring him to take the rest of them.

It is held in *Burnham v. Muller,* 61 Ill. 453, if the mortgagee neglects to reduce the property to possession upon default of the mortgagor, or within a reasonable time thereafter to be determined by the situation of the parties, he loses his lien as against the rights of third persons; and in *Lemen v. Robinson,* 59 Ill. 115, overruling some earlier cases, that notice of the mortgage other than record notice is immaterial.

It is said in *Richley v. Childs,* 114 Ill. App. 173, 176, ''Possession of mortgaged chattels must be taken by the mortgagee within a reasonable time after default in payment, or other conditions broken by which he becomes entitled to possession.''

In *Lange v. Cole*, 140 Ill. App. 546, 239 Ill. 88, there was default in the payment of the first maturing of a series of notes secured by a chattel mortgage on an automobile. The mortgagee demanded payment, which was refused, and he thereupon seized the automobile, and while removing it from the mortgagor's possession was induced by the mortgagor to go to an attorney's office to adjust the matter. When they got there the mortgagor paid the notes past due, and the costs, whereupon the automobile was released by the mortgagee. The Supreme Court held that the mortgagee by this action had not, under the circumstances of that case, lost his lien as against a subsequent execution creditor. We do not read that case as holding that in chattel mortgages of the character there considered the mortgagee can foreclose piecemeal. The question in the present case is whether he can take repeated action under the insecurity clause; whether he may deem himself unsafe and insecure and the mortgagor's possession hazardous as to one item of property because it has been levied on, or sold, or in some way gotten into the possession of a third person, and assert his rights to that property leaving the mortgagor in possession of the other mortgaged property and perhaps returning to him the property that he so rescued from the sheriff, or other third person who had possession. We are of the opinion that when the mortgagee acts on such insecurity clause he must, as against third persons, do what the clause requires, which is in effect to declare the whole debt due, sell the property, and account for the proceeds. He may in case of notes maturing at different times exercise or not, as he pleases, his right to declare the whole debt due and foreclose; and the same principle applies to his action under the insecurity clause. If he does not act the mortgage remains in force; but if he does exercise his option there is a default of the mortgagor, which requires the same action on the part of the mortgagee as

if there were default in payment of the debt by lapse of time.

There was evidence in this case that the affidavit of extension discussed in Gen. No. 6,413, *ante,* p. 387, had been filed with the justice of the peace in compliance with the Chattel Mortgage Act. It is objected that that evidence was not sufficient. Without considering that question we conclude that appellee had, under his first mortgage, no right of property in the horses there described as against appellants' execution because he was in the position of a mortgagee failing to take possession of chattels mortgaged after default of the mortgagor; therefore, that the court erred in finding the right of property in those chattels in the claimant.

The second mortgage purported to secure an indebtedness of $800 from the mortgagor to the mortgagee. It appeared on the trial that this was not an independent indebtedness but a part of the debt described in the first mortgage; that because of depreciation in value of the chattels first mortgaged this additional mortgage was given to better secure appellee on that debt. There was nothing in the second mortgage indicating it was not an independent debt. It is not argued that Van Zele, the claimant, was guilty of any fraud or intentional wrong in taking the additional security in this manner; but the trial court refused to hold at the request of the claimant "that a chattel mortgage given to secure a bona fide prior indebtedness is not rendered invalid as to third persons by the fact that such prior indebtedness is secured by another mortgage on other chattels, although the more recent mortgage does not recite that the note it secures is part of the debt secured by such older mortgage"; and found for the defendants as to the property described in the second mortgage. Cross errors are assigned raising this question. Counsel confine their discussion here to the question whether the court erred

in refusing that proposition of law, and do not discuss the testimony showing, or tending to show, the motives prompting the giving of the second mortgage.

It is held in *Sawyer v. Bradshaw,* 125 Ill. 440, 444, that the fact that a note secured by a trust deed was given for a larger amount than was due at the date of the note should not, of itself, void the deed of trust as to creditors; that the consequence in that respect depends upon the intent of the transaction and upon its being calculated to mislead to their injury, or to hinder and delay creditors. It is said in 20 Cyc. 442: "An incorrect statement of the consideration of a mortgage, deed of trust, or other conveyance, is a badge of fraud. But the mere fact that the consideration expressed in the mortgage, or other conveyance, was not the true one does not conclusively show that the conveyance was in fraud of creditors. This misrecital must be intentional and not the result of an innocent error, and the fraudulent intent must be known to or participated in by the grantee."

It is held in *Wooley v. Fry,* 30 Ill. 158, that the fact that a note and chattel mortgage were given for a larger sum than was actually due is not conclusive of fraud; that it is for the jury to decide whether it was done in fraud of creditors, or in good faith.

The court said in *Mitchell v. Sawyer,* 115 Ill. 650: "If the mortgage was executed for too large a sum to protect the property from creditors, it will be fraudulent and void as to them," citing authorities.

We are of the opinion that the second mortgage was not invalid as to appellants from the mere fact that the $800 indebtedness secured by it was also included in the first mortgage on other chattels, and that fact not recited in the second mortgage. Therefore the court erred in refusing that proposition of law. We conclude, without passing on the evidence as to the giving of that mortgage, or expressing any opinion whether there was anything in the transaction that

showed, or tended to show, fraudulent intent on the part of appellee in taking that security, that because of that error the judgment awarding the chattels covered by that mortgage to the defendants should be reversed.

The judgment is reversed and the cause remanded. The costs of this appeal will be taxed against appellants and appellee one-half each.

*Reversed and remanded.*