## Stanley Zola, Appellee, v. August R. Zacher, Appellant.

### Gen. No. 26,106.

1. ATTACHMENT, § 194*—*what must be done with property when attachment is released.* Where property attached on a claim is released upon the payment of the claim and the constable's return shows the payment and release, the property should be returned to the person in whose hands it was attached.

2. CHATTEL MORTGAGES, § 273*—*when mortgagee acquires title to property.* If the mortgagee under a chattel mortgage takes possession of the mortgaged property before any other right or lien attaches, his title, under the mortgage, is good against every one notwithstanding any irregularity in the acknowledgment of the mortgage and in the method of foreclosure.

3. CHATTEL MORTGAGES, § 273*—*when creditor has notice of acquisition of title by mortgagee.* Evidence that a mortgagee of chattels took possession of the chattels, conducted the business and also purchased goods from an attaching creditor of the mortgagor is sufficient to charge such creditor with actual knowledge of the change of possession.

4. APPEAL AND ERROR, § 379*—*what claims are not available on appeal.* Where no claim of after-acquired property was made on the trial of the right to mortgaged chattels as between an attaching creditor of the mortgagor and the mortgagee who had purchased the property from one acquiring it at the sale on foreclosure, such claim cannot be made on appeal for the first time.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding  Heard in this court at the March term, 1920. Affirmed. Opinion filed November 29, 1920.

ROY MASSENA, for appellant; CHARLES S. DENEEN, of counsel.

NOVAK & NOVAK, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal by defendant from an adverse

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

judgment in a trial of the right of property. The facts are that on June 15, 1917, Frank Zozakiewicz executed a note for $700 to Stanley Zola, plaintiff, secured by a chattel mortgage on fixtures and stock of goods in the store at No. 835 West 123rd street, Burr Oak, Calumet Township, Cook County, State of Illinois. The mortgage was acknowledged before a justice of the peace of Blue Island, Calumet Township, and recorded in the recorder's office of Cook county. November 12, 1917, the mortgagee took possession of the property under the terms of the mortgage. A sale was had and a bill of sale was given to the purchaser, John Humla. November 16, Humla sold the property to Stanley Zola and gave a bill of sale therefor, and Zola took possession of the property, remaining therein and conducting the business of a grocery and meat store. He opened an account in his own name with Klein & Schroth, from whom he made daily purchases of groceries. November 26, Klein & Schroth sued out a writ of attachment and the constable levied on the fixtures and the goods in the store. The attachment writ ran against Frank Zozakiewicz, the former mortgagor, and was based upon some indebtedness of his. Subsequently, on being informed that Zola had purchased the property, this levy was released. Zola continued in possession and carried on the business. December 7 a second attachment was sued out of the justice court by Klein & Schroth upon their claim against the mortgagor. The fixtures and merchandise were levied upon by defendant, Zacher, who is a constable. The writ was returnable December 12, and this return recites that the attachment was released by order of plaintiff upon payment of the claim and costs. Zola served notice of his right to the property and trial was had before the justice of the peace issuing the writ, who dismissed plaintiff's claim. On appeal to the circuit court the right

of property was found in plaintiff and judgment entered accordingly.

Plaintiff claims the return of the constable shows that the property was released, the claim having been paid, and under such circumstances the property should have been returned to Zola. This would seem to follow as a matter of course and we find no contention to the contrary in the brief and argument for defendant.

The central point of defendant's contention is alleged irregularity in the acknowledgment of the chattel mortgage, and the method of foreclosure. This is met completely by *Springer v. Lipsis,* 209 Ill. 261. The court there said:

"It makes no difference whether the mortgage was properly acknowledged or in proper form if possession had been taken of the property by a person having a lien. If a mortgagee takes possession of mortgaged property before any other right or lien attaches, his title, under the mortgage, is good against everybody, although it is neither acknowledged nor recorded, or if the record be ineffectual by reason of any irregularity. (*First Nat. Bank v. Barse Live Stock Commission Co.,* 198 Ill. 232.)"

There is no showing that Klein & Schroth had any lien upon this property at the time of the execution of the chattel mortgage or when the mortgagee took possession, and it is sufficiently proven that he took possession and conducted the business and also purchased goods from the attaching creditors, so they had actual knowledge of the sale and change of possession.

As to the question of after-acquired property, the goods mortgaged were described as "groceries, canned goods and meats," and there is no evidence that any after-acquired property was in the store at the time of the foreclosure or of the attachment. Furthermore, it seems that no claim of after-acquired property was made upon the trial, so it cannot be made here for the first time.

Under the facts and the law, the finding of the circuit court was right and its judgment is affirmed.

*Affirmed.*

HOLDOM, P. J., and DEVER, J., concur.