### In re GEORGE SETON THOMPSON CO.

### CENTRAL TRUST CO. OF ILLINOIS v. FIRST NAT. BANK OF OAK PARK.

(Circuit Court of Appeals, Seventh Circuit. February 27, 1924. Rehearing Denied April 18, 1924.)

No. 3226.

1. Chattel mortgages ⬅43—Chattel mortgage held not void for failure to disclose due date.

Under Illinois Chattel Mortgage Act, a mortgage reciting that it was made in consideration of a specified amount paid to mortgagor by mortgagee, and that note for such amount, of even date with mortgage, was payable at mortgagee bank, *held* not void for failure to disclose due date.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Chattel mortgages ⊜⇒54—Mortgage held not void because of confusion in execution of notes.**

> Where note due in one year was executed of even date with mortgage, but mortgage was not acknowledged until subsequent date, at which time a judgment note for the same amount was executed, but was subsequently canceled and surrendered, and a new note for the same amount, in collateral note form, due in 60 days, describing the mortgage as collateral, was executed, and where such collateral note was entered on the books of the mortgagee bank, the mortgage was not void because of confusion in the execution of the notes.

**3. Fraudulent conveyances ⊜⇒47—Illinois Bulk Sales Act held not applicable to chattel mortgages.**

> Illinois Bulk Sales Act *held* not applicable to chattel mortgages, in view of Laws Ill. 1895, p. 260, § 2, as amended by Laws 1915, p. 530, § 1.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the George Seton Thompson Company, bankrupt. On petition by the First National Bank of Oak Park for vacation of order enjoining the Central Trust Company of Illinois, trustee, etc., from selling mortgaged property. Petition granted, and trustee appeals. Affirmed.

Jacob G. Grossberg, of Chicago, Ill., for appellant.
Louis Cohen, of Chicago, Ill., for appellee.

Before EVANS and PAGE, Circuit Judges, and GEIGER, District Judge.

PAGE, Circuit Judge. Bankrupt, engaged in the printing business, had long done business with appellee bank, and on November 21, 1920, owed the bank $9,200 on notes and $2,000 overdraft. It made a request for an increase in its loans, which the bank granted on condition that the whole loan should not exceed $12,000 and should be secured by a chattel mortgage on bankrupt's machinery and fixtures. A note for $12,000 and a chattel mortgage securing same were executed to the bank under date of November 21st. The mortgage was acknowledged November 27th, and recorded December 14th.

As of the date of the acknowledgment, another $12,000 note was executed by bankrupt, due in 60 days, upon a judgment note form; but it was immediately canceled and surrendered to bankrupt, because they wished to use the usual collateral form of note. Consequently another note, bearing the same date, due in 60 days, for $12,000, was executed and delivered to the bank. There were two renewals of that note, for 60 days each. At the maturity of the second renewal, on May 31, 1921, the bank took possession of the mortgaged property. Bankrupt then had an overdraft.

On June 8, 1921, an involuntary petition in bankruptcy was filed. Appellant was appointed receiver and later trustee of bankrupt, and on its petition the bank was enjoined from selling the mortgaged property. Subsequently the bank filed a petition, asking for vacation of the injunctional order. On a hearing the mortgage was held to be valid. This appeal is to reverse that decree on the grounds, first, that the mortgage is invalid because it does not describe the due date of the note,

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

nor name the payee thereof; second, that because of that fact and because of the alleged uncertainty about the several notes executed, the transaction was fraudulent and void as to creditors; third, that the mortgage was invalid under the Illinois Bulk Sales Act.

Whether bankrupt was solvent or insolvent at the time of making the mortgage may be said to be open to question, but the evidence wholly fails to show that the bank knew or had reason to believe there was insolvency.

[1] 1. The mortgage did not disclose the due date of the indebtedness. The Illinois Chattel Mortgage Act (Smith-Hurd Rev. St. 1923, c. 95, §§ 1–8, 24–27) does not require that it shall be stated. Peck v. Logsdon, 84 Ill. App. 420, held that such failure did not vitiate the mortgage. Snite v. Gehrke, 189 Ill. App. 382, held to the contrary where the provision was that the note "became due and payable on or before 35 months after date of option of the legal holder thereof." The greater weight of authority is that it is not necessary to state the due date. 11 Corpus Juris, p. 474. Bankrupt was the mortgagor; the bank was the mortgagee. The mortgage recited that it was made in consideration of $12,000, paid to mortgagor by mortgagee. The defeasance clause recited that the $12,000 note was of even date with the mortgage and that it was payable at the bank. No one was misled by the failure to state the due date, and it does not seem possible that such failure could have caused any harm. It is not disputed that the mortgage in other respects met all statutory requirements. The courts of Illinois have repeatedly held that irregularities in matters required by the statute are cured by taking possession of the mortgaged property before other interests attach. Springer v. Lipsis, 209 Ill. 261, 70 N. E. 641; First Nat. Bank v. Barse Live Stock Com. Co., 198 Ill. 232, 64 N. E. 1097; Zola v. Zacher, 220 Ill. App. 123. This court has held that, in determining the validity of chattel mortgages, the court of bankruptcy is governed by the settled law of the state in which they were given, and also that the taking of possession by the holder of an unrecorded mortgage before the filing of a petition in bankruptcy against the mortgagor validates the mortgage as against general creditors and cannot be attacked in their behalf by the trustee. In re Antigo Screen Door Co., 123 Fed. 249, 59 C. C. A. 248. See also Security Warehousing Co. v. Hand, 206 U. S. 415, 427, 27 Sup. Ct. 720, 51 L. Ed. 1117, 11 Ann. Cas. 789. This holding is in accordance with the great weight of authority in the Illinois courts, construing its chattel mortgage statute. In re Beckhaus, 177 Fed. 141, 100 C. C. A. 561, decided by this court, is based upon an amendment to the Bankruptcy Act (Comp. St. §§ 9585–9656) passed later than the Antigo Case, supra, and is upon a very different set of facts.

[2] 2. The suggestion that there is confusion about the giving of the notes is without merit. The record shows clearly a $12,000 note, due in one year, of even date with the mortgage, viz. November 21, 1920. The mortgage was not acknowledged until November 27th. The transaction was closed as of that day, and the cash difference between the amount of the whole debt and $12,000 was paid to the bankrupt. The practice and desire of the bank was to have its notes run for not more

than 30 or 60 days, and to accomplish that purpose a note was first made for $12,000, dated November 27th, due in 60 days, on a judgment note form; but the bank, desiring to use the ordinary collateral note form, on the same day, canceled and surrendered the judgment note to bankrupt. At the same time, as of the same date, a new $12,000 note, due in 60 days, on the desired collateral note form, was executed. The mortgage was described in it as collateral. That is the note and the several extensions of it that went upon the books of the bank.

Jones v. Noel, 139 Ill. 379, 28 N. E. 805, has no application to the facts in this case, when the facts are understood. In that case there was an ordinary chattel mortgage, regular in every respect. The mortgaged property remained in the possession of the mortgagors several months after the whole indebtedness became due, and while the possession was still with the mortgagors it was taken upon a distress warrant for rent, at a time less than 2 years after the date of the mortgage. The real contention in the case was that, regardless of the fact that the note last due matured about a month after the date of the mortgage, the mortgage was good for 2 years from the date of its execution. That position was based on a provision in the mortgage that if the mortgagors should, on or before 2 years after the date of the mortgage, pay the notes then the mortgage was to be void; that is, there was an insistence that the notes might be paid according to the terms of the mortgage and not according to the terms of the notes, whereas the statute in force when the mortgage was made expressly provided that the mortgage should only be good until the maturity of the entire debt or the obligation secured. The facts in that case are so wholly different that the case is not applicable here as an authority.

[3] 3. The Illinois Bulk Sales Act[1] is in derogation of the common law, and, it has been held by the Illinois courts, should be strictly construed. Superior Plating Works v. Art Metal Crafts Co., 218 Ill. App. 148 (citing numerous authorities). While the question as to whether the transfer by means of a chattel mortgage comes within the provisions of the Bulk Sales Act has not, so far as we are informed, been determined by the Illinois courts, there are such fundamental differences between a conveyance by which a vendor absolutely divests himself of the title to his property and a conveyance by a chattel mortgage which carries with it the right to repay the consideration and cancel the transaction that it seems improbable that, if it had been any part of the legislative intent to include chattel mortgages within the prohibition contained in the act, the Legislature would have included chattel mortgages by name or by some other designation that would have afforded some means of ascertaining such legislative intent. The Illinois Bulk Sales Act was approved May 3, 1913, and was in force July 1st of that year.

---

[1] So far as material here, the statute is as follows:

"Section 1. That the sale, transfer, or assignment in bulk of the major part or the whole of a stock or merchandise, or merchandise and fixtures, or other goods and chattels of the vendor's business, otherwise than in the ordinary course of trade and in the regular and usual prosecution of the vendor's business shall be fraudulent and void as against the creditors of the said vendor. * * *" Laws Ill. 1913, p. 258; Cahill's Ill. Stat. 1921, p. 3035.

The next Legislature, on July 23, 1915, amended the Chattel Mortgage Act by adding the following to the section providing for sales under power contained in chattel mortgages:

"Provided, also that no sale made as hereinabove provided shall be valid as against the creditors of the mortgagor, unless such mortgage shall be recorded at least five days prior to the taking of possession of the goods and chattels in said mortgage described, and any such sale made within five days of the recording of said mortgage shall be fraudulent and void as against the creditors of the mortgagor." Laws 1915, p. 530; paragraph 7603, Callaghan's Ill. Laws 1913–1916.

It seems to us clear that that amendment not only indicates that it was no part of the legislative intent that chattel mortgages should come within the Bulk Sales Act, but also that it was intended by the amendment to provide against the evasion of the Bulk Sales Act. We are of opinion that a chattel mortgage does not come within the provisions of the Bulk Sales Act.

The decree is affirmed.