No. 10,741.

BOGDON, TRUSTEE *v.* FORT.

Decided April 7, 1924.

</div>

  Action to foreclose chattel mortgage. Judgment of foreclosure.

<div align="center">

*Affirmed.*

</div>

1. CHATTEL MORTGAGE—*Record—Delivery of Property.* A chattel mortgage which is not acknowledged or recorded is void against the interests of third persons, unless the property mortgaged is delivered to and retained by the mortgagee.

2.      *Record—Possession by Mortgagee.* While failure to acknowl-
edge and record a chattel mortgage renders it invalid as to
certain persons whose rights become a lien during the time the
property remains in the possession of the mortgagor, yet if the
mortgagee takes and continuously retains possession of the
property before the rights of such parties attach, this will cure
the defects in the execution and recording of the instrument,
and the mortgagee will have the superior right.

3.      WORDS AND PHRASES—*Chattel Mortgage—"Creditors or Third Per-
sons"* are not general creditors, but, as used in the chattel mort-
gage act, mean only persons who have acquired enforceable liens
during the period of time that the mortgaged property remains
in the possession of the mortgagor.

4.      BANKRUPTCY—*Chattel Mortgagor.* In a controversy over the pos-
session of mortgaged property, it is held that a trustee in bank-
ruptcy of the mortgagor had only the rights which the bankrupt
had at the time the bankruptcy proceedings were filed.

*Error to the District Court of the City and County of
Denver, Hon. Julian H. Moore, Judge.*

Mr. IVOR O. WINGREN, Messrs. SMITH & BROCK, Mr.
E. R. CAMPBELL, for plaintiff in error.

Mr. S. HARRISON WHITE, Mr. J. E. ROBINSON, for de-
fendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

THIS action is by the assignee of the vendor of five
automobile carriages or busses which were sold to the
Inter-City Automobile Lines of Denver, a corporation, and
the object is a foreclosure, as chattel mortgages, of the five
written instruments evidencing the transaction. Whether
under the decision in *Bailey, Trustee, etc. v. Baker I. M.
Co.,* 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, under a
similar contract, that there is a real distinction between
a conditional sale and an absolute sale with a mortgage
back, and that the transaction there was strictly a con-
ditional sale, is not important here, even if the conclusion
is inconsistent with *Andrews & Co. v. Colorado Sav. Bank,*

20 Colo. 313, 36 Pac. 902, 46 Am. St. Rep. 291, which held a somewhat similar contract in legal effect a chattel mortgage. This is so because the parties here are in accord that under the law of this state the disposition of this case is to be, and should be, as though the instruments in question are chattel mortgages. After the action was brought the Inter-City Company was declared a bankrupt and the trustee in bankruptcy was substituted for the bankrupt as the defendant. This instrument was not acknowledged or recorded and for that reason it was void as against the rights and interests of third persons, unless the busses were delivered to, and remained with, the vendor mortgagee. C. L. 1921, § 5083. The property, however, was delivered by the vendor to the purchaser mortgagor, and on November 8, 1922, for a default of the latter in making payments, possession of the property was by the purchaser voluntarily surrendered to, and taken by, the agent of the vendor mortgagee and continuously remained in his possession until the beginning of this action, twenty days after possession was taken. The purchaser was adjudged a bankrupt on January 2, 1923, and his trustee was substituted upon his own application as a party defendant February 20, 1923. In the meantime no rights of third persons had attached. The trustee was never in possession of the property. The trial court entered a decree of foreclosure and the trustee in bankruptcy is here to review that judgment. The grounds upon which he relies are: (1) These conditional sale contracts are void. (2) They are void as to general creditors, when general creditors have armed themselves with process by electing the plaintiff in error as trustee in bankruptcy. (3) Under section 47 of the Bankruptcy Act these conditional sale contracts were not liens against the property of the bankrupt's estate because they were invalid for lack of record and acknowledgment. (4) That the delivery to the mortgagee vendor of the busses or carriages by the mortgagor vendee was merely an assignment for the benefit of creditors.

1. It will be observed that no claim is made that the trustee occupies the position of a purchaser without notice. What rights he has are those of the bankrupt. It is true that under the decisions of this state,.to which it is not necessary to refer, instruments of the character here involved being in the nature of a mortgage, are void as to the persons designated in the Chattel Mortgage Act because they were neither acknowledged nor recorded, and the mortgagee was not put into possession when the mortgage was executed. They would be void as against this trustee if the latter had acquired a lien before the mortgagee took possession, though after the mortgage was executed. The Chattel Mortgage Act says: "Every chattel mortgage shall be good and valid between the parties thereto until the indebtedness secured thereby is paid, or barred by the statute of limitations." C. L. 1921, § 5085. The only defect here is that of a failure to acknowledge and record. The decisions of this court have been, like those of the Supreme Court of Illinois under their chattel mortgage act which is quite similar to ours and from which ours was evidently copied, that even though the mortgage is invalid as to creditors or third persons whose rights or interests have become a lien through judicial process or contract during the time that the property remains in possession of the purchaser mortgagor, yet if the mortgagee takes possession and thereafter continuously retains it before such rights of creditors and third parties attach, such taking of possession by the mortgagee cures defects in the execution and recording of the instrument and the mortgagee thus acquires a superior right. Some of our decisions are: *Horner v. Stout,* 5 Colo. 166; *Wilcox v. Jackson,* 7 Colo. 521, 4 Pac. 966; *Beatrice Creamery Co. v. Sylvester,* 65 Colo. 569, 179 Pac. 154, 13 A. L. R. 441; *Morse v. Morrison,* 16 Colo. App. 449, 69 Pac. 169.

Some of the Illinois decisions are: *Chipron v. Feikert,* 68 Ill. 284; *First Natl. Bank v. Barse Com. Co.,* 198 Ill. 232, 64 N. E. 1097; *Springer v. Lipsis,* 209 Ill. 261, 70 N. E. 641; *Zola v. Zacher,* 220 Ill. App. 123.

Such seems to be the rule generally, except in the states of New York and New Jersey whose statutes are dissimilar to those of Colorado and Illinois. Jones on Chattel Mortgages, (5th Ed.), § 178, note 13, and Sections 178a, 178b, pp. 268-272. The weight of authority is that "creditors or third persons" are not general creditors, but, as used in the chattel mortgage act, mean only such creditors or persons as have acquired enforceable liens by execution or writ of attachment, or by contract, during the period of time that the mortgaged property remains in possession of the mortgagor. Neither the bankrupt nor the trustee comes within this description. The general creditors of the bankrupt, by securing the appointment of the trustee in bankruptcy, did not thereby arm themselves with judicial process and thereby become lienors or purchasers in good faith. Such claim does not rest either upon reason or authority. The trustee in bankruptcy, so far as concerns this case, stands in the shoes of the bankrupt and is in no better position. His counsel, however, contends that under section 47(a) of the 1910 amendment to the bankruptcy act, whatever may have been the law before, the trustee occupies a different position, and is invested with rights to the property of the bankrupt which the latter himself could not have asserted. The federal courts, including the Supreme Court of the United States, say that this amendment, so far as concerns a state of facts now before us, has not the effect thus claimed for it, but that the trustee's rights, representing the bankrupt, are now as they were before the 1910 amendment, and the inception of the trustee's rights dates from the filing of the petition in bankruptcy. Before this petition was filed the mortgagee vendor, under these conditional sale contracts, took actual possession which he thereafter maintained as the result of a voluntary transfer to him by the mortgagor vendee of the property. The trustee in bankruptcy, therefore, holds only the rights which the bankrupt itself had, at the time the bankruptcy proceedings were filed, under the laws of the particular state. Some of the Federal cases so holding are: Bailey Case, *supra; Martin v. Commercial*

*Nat. Bank,* 245 U. S. 513, 38 Sup. Ct. 176, 62 L. Ed. 441; *Lewin v. Telluride Iron W. Co.* (C. C. A.) 272 Fed. 590; *Holt v. Crucible Steel Co.,* 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756; *In re Thomas* (D. C.) 283 Fed. 676; *In re Thomas Elec. Corp.* (C. C. A.) 283 Fed. 392; *In re Terrell,* 246 Fed. 743, 159 C. C. A. 45; *In re Hoey, Tilden & Co.* (D. C.) 292 Fed. 269; *Nauman Co. v. Bradshaw,* 193 Fed. 350, 113 C. C. A. 274; *Big Four Imp. Co. v. Wright,* 207 Fed. 535, 125 C. C. A. 577, 47 L. R. A. (N. S.) 1223; *In re Antigo Screen Door Co.,* 123 Fed. 249, 59 C. C. A. 248; 4 Remington on Bankruptcy (3d Ed.) § 1550, p. 297, § 1570, p. 321; 2 Collier on Bankruptcy (13th Ed.) p. 1525.

In the Telluride Iron Works Company Case, *supra,* our Chattel Mortgage Act was construed in accordance with previous rulings of our own court, which give to the mortgagee of a defective chattel mortgage rights superior to those of "creditors and third persons" when the mortgagee has taken possession before their rights have become fixed by judicial process, or as against the rights of purchasers' without notice. The court said: "But the third person of the Colorado statute is not one who stands in the shoes of the mortgagor, but a purchaser or lienor for value without notice, or one in some such situation."

As to the third point relied upon that the delivery of the automobile busses to the mortgagee's agent by the mortgagor vendee was for the benefit of creditors, we observe that the court's findings were against this contention and the testimony is clear that there was no such restriction, but that it was an absolute delivery for the failure of the purchaser to comply with the contract and possession was given to the mortgagee before any rights of this bankrupt attached, and before he ever had or claimed any lien or had made a seizure thereof by any judicial process, and possession was given for the express purpose of enabling the mortgagee to foreclose the mortgage liens.

The plaintiff in error cites *Turnbull v. Cole,* 70 Colo. 364, 201 Pac. 887, 25 A. L. R. 1149, to the proposition that a sale contract like the one before us, where possession has been given to the purchaser who reserves a secret lien, can not

be enforced against interested parties without notice in this state, because it would be contrary to public policy. Such was the decision in that case but the facts are essentially different from the case here. There the automobile title to which by the Utah law remained in the vendor under a conditional sale contract, was, without the consent of the vendor, brought by the vendee to Colorado and sold to one Bell who mortgaged it to one Cole. This court held, as such a contract was against the public policy of Colorado, the superior right to the car was in Cole as a purchaser whose rights were acquired from the vendee in the sale contract while the car was in the exclusive possession of the vendee or his assignee. Manifestly if, before the rights of Cole or his assignor attached, the vendor, who was the mortgagee under the sales contract, had taken and continuously held possession before the rights of Cole attached, such possession would give to the mortgagee a senior right to that of a mortgagor vendee under the sales contract or his assignee. The vital fact in this case that the mortgagee under these sales contracts had taken possession and retained it before any rights of third persons, including the bankrupt, attached, gives to the assignee of that mortgagee a right superior to third persons. The Turnbull Case has no application and was not intended to have any application to a case like this one, where possession by the mortgagee is anterior to the rights of creditors and purchasers as the result of the taking of actual possession which as to them is the same as if possession had been delivered to the mortgagee at the time the mortgage was given.

Finding no error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.