No. 12,952.

McClain *v.* Saranac Machine Company.
(28 P. [2d] 1009)

Decided January 2, 1934.

Mr. Frederick P. Cranston, for plaintiff in error.

Messrs. Pershing, Nye, Tallmadge, Bosworth & Dick, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as McClain, defendant in error as the Saranac Company, the Colorado Basket Company as the Colorado Company, and Earl E. Sarchet as Sarchet.

The Saranac Company on February 3, 1931, and by leave of court first had, brought replevin against McClain as receiver of the Colorado Company to recover possession of three machines which the former had sold and delivered to the latter on a contract (hereinafter referred to as A) providing that title should remain in the vendor until the purchase price was fully paid. McClain defended on the ground of a deed of trust (hereinafter referred to as B) whose terms included all machinery then or thereafter located on the premises. Thus the issue was, which document gave the better right? The cause was tried to the court which found for the Saranac Company and entered judgment accordingly. To review that judgment McClain prosecutes this writ. The six assignments may properly be considered as one, i. e., that the judgment is not supported by the evidence.

The Saranac Company offered the machines to the Colorado Company by A, dated April 29, 1930. The Colorado Company's acceptance was endorsed thereon under date of May 3, 1930. On September 13, preceding, the Colorado Company had given the American Company its seven equal notes for a total of $30,000, due one annually from January 1, 1931, to January 1, 1937, and executed B to secure the same. These notes came into the hands of Sarchet who, on default, began suit November 20, 1930. McClain was appointed receiver on that date and took possession, including the machines. This replevin action followed. Prior to the commencement of his foreclosure Sarchet had knowledge of A and the Saranac Company's claim thereunder.

B, after describing certain real estate as a portion of the property granted, continues "together with all machinery, furniture, equipment, fixtures, and all supplies

located thereon and all additions to and replacements thereof."

The purchase price of the three machines was $900, $900 and $700, and it will be observed that they were purchased and came into the possession of the Colorado Company about eight months after the execution of B.

It was provided by A that of the purchase price of the machines $625 should be paid "upon shipment, sight draft with bill of lading attached," and the balance by notes. Further, "That the title and ownership of the property herein specified shall remain in this company until final payment therefor has been made in full * * * On default in the payment of any one of the notes given for the purchase price, or the installments specified, at the time when due and payable, this company shall have the right to declare the entire amount of the purchased price due, or cancel this contract, and repossess itself of said property * * *. The said property shall be and remain strictly personal property and retain its character as such, no matter whether on permanent foundation or in what manner affixed or attached to building or structure, or what may be the consequences of its being disturbed on such foundation, building or structure, or for what purpose the property may be used." This contract was not acknowledged, but was recorded in Mesa county where the Colorado Company operated and the machines were located. When this suit was commenced McClain delivered the machines to the sheriff, who, no delivery bond being posted, delivered them to the Saranac Company. The cause was tried March 31, 1931, and judgment that day entered.

██ ██ Conditional sales contracts, such as A, are to be regarded as chattel mortgages. They are good as between the parties, irrespective of acknowledgment or record, and if the mortgagee takes and retains possession before the rights of third persons attach he thus acquires a superior claim notwithstanding such defects. *Bogdon v. Fort,* 75 Colo. 231, 225 Pac. 247. Of course the re-

ceiver is not a "party" first, second or third, as to this contract. He is an officer of the court and his possession the possession of the court. *Hendrie & Bolthoff Co. v. Parry,* 37 Colo. 359, 367, 86 Pac. 113. McClain's possession was no more the possession of Sarchet than it was the possession of the Saranac Company. *Rossi v. Colo. P. & P. Co.,* 88 Colo. 461, 491, 299 Pac. 19.

Since the machines in question were not located on the property when B was executed, and since there is no evidence that their future installation and consequent inclusion in that instrument were then specifically contemplated by the parties, the equities herein are with the Saranac Company.

As between the Saranac Company and the Colorado Company these machines remained personal property and the right of the former, on default, to retake possession, was "valid and enforceable." Assuming that A, by reason of no acknowledgment, came within the rule of secret liens void as against creditors or subsequent holders having no notice thereof, and who are "injuriously affected thereby," and assuming that Sarchet in fact stands in the shoes of the American Company, he is still neither in the position of creditor nor subsequent purchaser, and is not regarded as a "third person" within the meaning of the chattel mortgage act. But being merely a prior mortgagee of the real estate upon which the chattels in question were placed, he was not "injuriously affected" by the secret lien on said chattels. *Beatrice Creamery Co. v. Sylvester,* 65 Colo. 569, 179 Pac. 154. While in that case the mortgage in question contained no "after-acquired property clause" we think it clear that, under the reasoning of the opinion, such a clause there was, and here is, immaterial to the result. *Indian Creek Co. v. Home Bank,* 80 Colo. 96, 249 Pac. 499.

In view of the specific admissions in the reply brief that A was valid as between the Saranac Company and the Colorado Company, that "Sarchet was not an inno-

cent purchaser for value of the notes secured by the trust deed upon the real estate, and that any defenses which could be raised against the original holder may be raised against him," we think the foregoing disposes of all essential questions presented by this record.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Holland concur.