Pure Oil Products Company, Appellee, v. Albert J. Horan and Italo Pellegrini. Italo Pellegrini, Appellant.

Gen. No. 40,533.

Opinion filed June 19, 1939.

I. B. PADORR and DAVID S. CHESROW, of Chicago, for appellant.

TOWNLEY, CAMPBELL, CLARK & MILLER, of Chicago, for appellee; GLENN G. PAXTON and RICHARD C. BLELOCH, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants claiming it was entitled to the possession of a motor boat by virtue of a chattel mortgage acknowledged and recorded May 21, 1937; that the boat was held by the bailiff of the municipal court under a writ of attach-

ment issued on a judgment for $500 rendered April 18, 1938, in favor of defendant, Italo Pellegrini, and against Robert M. Hoffman, the mortgagor. There was a trial before the court without a jury, a finding and judgment in plaintiff's favor, and defendant Pellegrini appeals.

The record discloses that May 21, 1937, Robert M. Hoffman executed his note for $2,465.92, secured by a chattel mortgage. The note was payable 10 months after date. At the same time Hoffman executed his chattel mortgage on a motor boat named "Soubrette" and other personal property. The note was described in the mortgage except that the date of its maturity was not mentioned. March 24, 1938, the bailiff of the municipal court took possession of the boat by virtue of a writ of attachment issued in a suit filed by Pellegrini against Hoffman, and April 18, 1938, judgment in that case was entered in favor of Pellegrini and against Hoffman for $500. The bailiff was in possession of the boat when the instant suit was brought May 6, 1938, and on that date plaintiff took possession of the other personal property covered by the chattel mortgage, which it caused to be sold May 12, 1938, and credited the proceeds on the indebtedness, leaving a balance due of $956.81.

Defendant contends that since there was a failure to state the date of maturity of the debt in the chattel mortgage, he was entitled to take the boat under his writ of attachment. In support of this counsel cite *Snite v. Gehrke,* 189 Ill. App. 382. In that case the chattel mortgage purported to have been made by Catherine D. Pearce and George C. Pearce, but the clerk of the municipal court before whom it was acknowledged certified that the persons acknowledging it were Arthur D. Pearce and George C. Pearce. The mortgage there also purported to have been given to secure a note of even date which the mortgage said came "due and payable on or before 35 months after

the date of option of the legal holder thereof." It was held that the mortgagee could not maintain replevin for possession of the household goods covered by the mortgage.

There is no such uncertainty in the facts disclosed by the evidence in the instant case. In the *Snite* case it was attempted to state the date of maturity of the note. The court said: "Manifestly this is no time at all." In the instant case the date of the maturity is in no way mentioned. In that case the mortgagors were not the same persons who acknowledged the mortgage, while such is not the fact in the case before us. We think the chattel mortgage is not subject to the objection made. *Polo State Bank v. Typer,* 249 Ill. App. 604; *In re George Seton Thompson,* 297 Fed. 934.

Defendant further contends that as to him the mortgagee had no right to take possession of part of the mortgaged property, sell it and retain his lien on the motor boat; and in support of this the cases of *Cash Register Co. v. Riley Advertising System,* 329 Ill. 403; *Van Zele v. Cleaveland,* 208 Ill. App. 397, are cited.

In the *Cash Register* case, where a trial of the right of property was had, it was held that one claiming to be entitled to the possession of certain property by virtue of a chattel mortgage has the burden of proof to show he has a superior lien, and that a chattel mortgage being in derogation of the common law must be strictly construed.

In the *Van Zele* case the mortgagee took possession of part of the mortgaged property upon default but delayed a considerable time before making any effort to take possession of the remainder of the mortgaged property. In the meantime a judgment creditor of the mortgagor levied upon that part of the mortgaged property not taken possession of by the mortgagee. And it was held that the mortgagee lost his lien as against the judgment creditor because he had not acted promptly. Section 4 of the Chattel Mortgage Act,

which was in force at the time that case was decided (Hurd's 1919 Stats., ch. 95, sec. 4) provided that a chattel mortgage if bona fide would "be good and valid from the time it is filed for record until the maturity of the entire debt or obligation, or extension thereof." This section was amended in 1921 and as amended it provides that the chattel mortgage shall be good and valid "from the time it is filed for record until ninety days after the maturity of the entire debt or obligation or until ninety days after the extension of the time of payment thereof." (Laws of 1921, p. 569.)

In the instant case plaintiff took possession of part of the mortgaged property May 6, 1938. At that time it could not take possession of the motor boat because on that date the bailiff had taken it under the writ of attachment. Under section 4 as amended, from which we have above quoted, plaintiff might take possession within 90 days after the maturity of the note. It did this and therefore its lien is protected. Moreover, we are of opinion that plaintiff did not lose its lien as to third parties because it foreclosed on but part of the property. 11 C. J., secs. 512, 515, 522, pp. 710, 711 and 715. It is certain it did not lose such lien in the instant case.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

McSurely, P. J., and Matchett, J., concur.