No. 18,476.

ALFRED G. SECKLER, TRUSTEE IN BANKRUPTCY, ETC. *v.* J. I. CASE COMPANY.

(348 P. [2d] 868)

Decided January 11, 1960.   Rehearing denied February 1, 1960.

Messrs. KREAGER & SUBLETT, for plaintiff in error.

Messrs. SANDHOUSE & SANDHOUSE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties are here in reverse order of their appearance in the trial court and we will so refer to them, or by name.

Plaintiff J. I. Case Company, a Wisconsin corporation qualified to do business in Colorado, is a manufacturer of farming machinery and equipment. For several years prior to September 1956 one Morrison was its dealer in the City of Sterling, Colorado. The arrangement between the company and Morrison was based upon a dealer's contract, under the terms of which Case delivered items of machinery, parts and equipment to Morrison on his order, retaining the title thereto until sold and the invoice price remitted to the Company. It provides that in the event any indebtedness of the dealer to the company is not paid when due, or upon failure to comply with any of the terms or conditions of the contract, the company shall be entitled to the immediate possession of all property delivered under the contract and remaining unsold and for which the company had not received payment in full.

On March 8, 1956, Morrison was indebted to the Company in excess of $9,000.00 and on that day executed a note and chattel mortgage to the company covering the items of machinery, implements and parts then on hand. On September 24, 1956, Morrison was advised in writing that his dealer's contract was cancelled as of that date and that the company would proceed to take possession of all machinery, implements and other property then on hand in accordance with the terms of the contract. This it proceeded to do the following day with the assist-

ance, or at least acquiescence, of Morrison. The property was removed from Morrison's establishment to a lot some distance away which the company had rented for that purpose. Not all the property then on hand was removed, and that which remained on the Morrison premises is not involved in this action. On September 28, 1956, in a civil action brought by one Crow, defendant Seckler was appointed receiver of Morrison's business and made claim to the property that Case had removed from the premises. He posted a notice on the gateway of the lot to which it had been removed, to the effect that it was in his possession as receiver and nothing should be removed.

Following this action of Seckler, Case brought the present action in replevin against Seckler as defendant, claiming ownership and the right to possession of the property involved. Writ of replevin was issued and the sheriff, according to his return, assumed custody of the property. On October 11th following, Morrison was adjudicated a bankrupt on his voluntary petition and defendant Seckler was appointed trustee of the bankrupt's estate and as such intervened and filed an answer in this action. He denied the right of Case to possession of the property. Other than the trustee in bankruptcy, no rights or claims of any third party are involved.

Upon trial the court found and ruled that the property described in the complaint was in the actual physical possession of Case prior to any claim being asserted thereto by Seckler as receiver, or as trustee in bankruptcy; that it was immaterial whether the plaintiff took possession of the property under the terms of the dealer's contract or under the chattel mortgage given on March 8th, and that the question of voidable preference under the bankruptcy act was not an issue in the case under either the pleadings or the evidence.

Judgment for the plaintiff followed and Seckler seeks reversal by writ of error.

Four points are set out upon which it is contended

the court erred. Summarized they are — 1. That Case's possession was not open, notorious, exclusive and unequivocal. 2. That the chattel mortgage of March 8th is void as to Seckler. 3. That Case did not purport to foreclose the chattel mortgage, and 4. That Case's possession of the property within four months of the adjudication in bankruptcy in payment of an antecedent debt is void under the Bankruptcy Act.

As we view the record before us none of the contentions is valid. Morrison at no time acquired title to any of the property involved; the title at all times being in Case under the dealer's contract. No third person is here claiming to have acquired rights thereto upon the faith of Morrison's possession and apparent ownership, and such possession and apparent ownership having evaporated upon Case's reclaiming and removing the property, the receiver or the trustee in bankruptcy can assert no greater rights than could Morrison; they stand in his shoes. *Lewin v. Telluride Iron Works Co.*, 272 Fed. 590; *Bogdon v. Fort*, 75 Colo. 231, 225 Pac. 247.

Concluding, as we do, that the trial court correctly resolved the issues before it, the judgment is affirmed.

MR. JUSTICE HALL not participating.